### EDWARD NEWCOMB *vs.* WILLIAM H. WALLACE.

In an action for the breach of a covenant against incumbrances, the breach relied upon being that a tax upon the estate was due and unpaid at the time of the conveyance, evidence is admissible to show that the amount of the tax was deducted from the consideration paid, and that its mention in the covenant was omitted at the request of the grantee, he promising to pay it himself, and to indemnify the grantor against it.

If the amount of a tax due and unpaid is deducted from the consideration given for an estate, and at the request of the grantee is not mentioned in the deed in the covenant against incumbrances, the grantee promising to pay the tax himself and indemnify the grantor against it, the grantee, in an action against the grantor for a breach of the covenant, can recover but nominal damages.

CONTRACT for a breach of a covenant against incumbrances contained in a deed from the defendant to the plaintiff of an estate in Boston, executed and delivered August 16, 1870. Trial in the Superior Court before *Scudder*, J., without a jury, who by consent of parties reported the case to this court. It was proved that, at the date of the deed, the tax assessed on the estate by the city as of the first of May, 1870, was due, though not payable until the following October ; and that November 8, this tax, amounting to $114.75, was paid by the plaintiff ; that at the time of the delivery of the deed, another deed of the same estate was executed and delivered by the plaintiff to one Farrington ; and that this action was brought in the plaintiff's name, with his consent, for the sole benefit of Farrington.

The defendant offered to prove that he was induced to omit the mention of taxes in his deed to the plaintiff, as an existing incumbrance upon the estate, by the false and fraudulent representations and promises of Farrington. The plaintiff objected to the admissibility of this evidence ; but it was received *de bene esse*, and the court found upon the evidence so offered that Farrington did induce the defendant to omit the mention in the deed of the tax as an incumbrance, but without a fraudulent intent, he, Farrington, agreeing to pay the tax and to indemnify the defendant against it. The defendant also offered to prove, that the consideration actually paid for the deed from the defendant to the plaintiff did not include the tax. The plaintiff objected to the evidence, but it was admitted *de bene esse*, and the court found that the tax was not included in the consideration.

If the evidence objected to was admissible, and upon the facts as found by the court the plaintiff was entitled to maintain the action, judgment was to be rendered for the plaintiff for the sum of $114.75, with interest from the date of the writ; otherwise judgment was to be rendered for the defendant.

At the argument in this court it was agreed by the parties in writing that the court might render such judgment as the facts required.

*J. W. Rollins*, for the plaintiff.

*A. B. Wentworth*, for the defendant.

CHAPMAN, C. J. The plaintiff Newcomb is but a nominal party, and has allowed Farrington to bring the action in his name for his own benefit. Newcomb purchased the land for the benefit of Farrington, and conveyed it to him as part of the same transaction with the purchase. The deed was made August 16, 1870, and the land was subject to such taxes as would be assessed as of the first of the preceding May, but they would not be actually assessed till the next October. Of course the parties would not know precisely what they would amount to. The vendor desired to relieve himself from all liability in respect to them, by an exception in his covenant against incumbrances ; but as Farrington desired to have a clear covenant, he agreed to pay the taxes when they should be assessed, and indemnify the defendant against them. The sale of the land was a good consideration for the promise to make the payment. *Basford* v. *Pearson*, 9 Allen, 387, 390. The taxes were assessed in October, and Farrington paid them in November. This payment must be regarded as having been made in performance of the promise, which was made in good faith. There can be no objection to the proof of these facts, which show not only the promise but its actual performance. The covenant with Newcomb against incumbrance has thus been performed in substance by the procurement of the defendant, and the plaintiff cannot have a claim for more than nominal damages, either for his own benefit or for the benefit of Farrington.

*Judgment for the plaintiff for nominal damages*