FREEMAN A. WALKER & another *vs.* JOSEPH WHITTEMORE & others.

A covenant in a lease, by which the lessee covenants to pay " all and singular the taxes rates, charges, and assessments which shall or may from time to time and at any time during said term be levied, assessed, or made on the demised premises, or in respect of the same, for or on account of any matter or cause whatever," binds the lessee to the payment of a betterment assessed upon the premises, although the lease was made many years before the passage of any betterment laws.

The St. of 1871, *c.* 382, § 9, which provides that " when an assessment " for betterment " is made upon an estate the whole or any portion of which is leased, the owner of the estate shall pay the assessment, and may thereafter collect of the lessee an additional rent for the portion of the estate so leased equal to ten per cent. per annum," &c., does not modify a covenant to pay betterments contained in a lease made before the passage of the act.

BILL IN EQUITY. The case was reserved by *Morton,* J., upon the bill and answer for the consideration of the full court.

From the bill it appeared that the plaintiffs were lessees for years of two shops on Cornhill upon which a betterment had been assessed by the city of Boston for the removal of Scollay's Building; that the plaintiffs' lease was for twenty-one years, from December 30, 1855 ; that the covenant in the lease was " to pay the rent, and also all and singular the taxes, rates, charges, and assessments which shall or may from time to time and at any time during said term be levied, assessed, or made on the demised premises, or in respect of the same, for or on account of any matter or cause whatever ; " that the lease further contained a clause that unless the assessments, &c., were paid in ten days, it might be forfeited. The bill alleged that the lessors demand a betterment of $2200, assessed upon the fee in the premises and against the owners, and that they threatened to enter and put an end to the lease, if the betterment was not paid. The bill contained an offer to pay the amount into court, or give security, and asked that the defendants be enjoined against entering to forfeit the leasehold estate, till the question of liability was determined.

It also alleged that if liable at all for the betterment, the plaintiffs were only liable for a yearly interest upon it, of ten per cent., under St. 1871, *c.* 382, § 9.

The answer did not deny the right of the plaintiffs to maintain the bill, if they were not liable for the betterment.

*J. G. Abbott & H. Walker,* for the plaintiffs.

*H. C. Hutchins,* for the defendant.

AMES, J. It has recently been decided by this court, after a very full and able discussion by learned counsel, that the assessment for betterments described in this bill is a tax which the city of Boston had a right to impose and collect. *Harvard College* v. *Boston,* 104 Mass. 470. *Codman* v. *Johnson,* Ib. 491. In the

last case, it was held that a covenant by a lessee to pay all taxes and assessments, whether in the nature of taxes now in being or not, which may be payable or assessed in respect of the demised premises, binds him to the payment of an assessment of this description. It is true that in the case before us the lease was made before any of the betterment laws were passed. But the terms in which the covenant of the lessee is expressed are exceedingly comprehensive, and seem to have been intended to meet any and every form of civil imposition which might come into existence. The covenant includes " all and singular the taxes, rates, charges, and assessments which shall or may from time to time and at any time be levied, assessed, or made on the demised premises, or in respect of the same, for or on account of any matter or cause whatever." These words are sufficient to cover, and must have been intended to cover, all possible forms of taxation. They import that the lessors were to receive the stipulated rent absolutely, and subject to no deduction. *Bleecker* v. *Ballou,* 3 Wend. 263. It is a charge upon the owner by reason of his ownership, against which he undertook to guard himself by the terms of his lease. *Thompson* v. *Lapworth,* L. R. 3 C. P. 149.

The plaintiffs contend that the case falls within the provisions of St. 1871, *c.* 382, § 9, which provides that when such an assessment is made upon an estate, the whole or any part of which is leased, the owner of the estate shall pay the assessment, and the tenant shall pay to him ten per cent. annually upon a certain proportion of the assessment. But it is not to be supposed that the legislature intended to release or modify any express covenant made by the tenant in the lease itself. If the tenant has covenanted to pay all taxes, ordinary and extraordinary alike, it is not in the power of the legislature to alter his contract, and substitute another less burdensome to the lessee in its place, without the consent of the lessor. We must therefore consider the statute as establishing the rule only for cases in which the parties have not otherwise provided by the terms of their lease.

Whatever hardship there may be in the case, it arises entirely from the terms of the written covenants, and is beyond the power of the court to relieve. *Bill dismissed, with costs.*