## PATRICK KEARNS vs. ANN CUNNIFF.

Suffolk.   Nov. 12, 1884. — Jan. 12, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
absent.

A judgment of the Probate Court, made after May 1, confirming the report of commissioners filed before that date, assigning a parcel of land to a widow for life, in lieu of dower, does not relate back to the date of the assignment, so as to make her liable to the remainderman for taxes assessed on May 1, and paid by him.

The obligation of a person to pay a tax depends upon his title on May 1; and the fact that the tax is not actually assessed until after that day is immaterial.

HOLMES, J.   This is an action of contract to recover a sum paid by the plaintiff for taxes for the year 1881, on an estate set off to the defendant for life as her half, in lieu of dower in the land of her intestate husband, Timothy Cunniff. The plaintiff owns the interest of the heirs at law, and it may be assumed that he is entitled to recover, if the defendant was bound to pay the tax, as between herself and the heirs. This will depend on whether her title to the premises in severalty vested before or after the date of the tax; for we do not read the provision in the report of the commissioners, that it should be the duty of the defendant "to pay all taxes that may be assessed," as

intended to enlarge the obligation of the tenant for life in respect of the time when her duty was to begin, nor has a different construction been argued for. Perhaps we should add, that, although the defendant was seised as tenant in common before the partition, *Sears* v. *Sears*, 121 Mass. 267, there is no attempt to charge her on that ground. The action is not brought for contribution between tenants in common, but by the remainder-man against the tenant for life to recover the whole tax.

The material facts are, that the defendant filed her petition for partition in the Probate Court; that commissioners were appointed; that they filed their report on February 15, 1881; and that notice to show cause was served on the defendant on April 20, 1881; all before the assessment of the tax. The date when the report was accepted and the partition confirmed was May 23, 1881. It is contended for the plaintiff that the judgment confirming the partition related back to the date of the assignment by the commissioners; and therefore that the defendant must be taken to have had her life estate in the premises before May 1, the earliest possible date of the tax. In support of this argument are cited the cases of *Mansfield* v. *Pembroke*, 5 Pick. 449, and *Parker* v. *Parker*, 17 Pick. 236.

The opinion in *Mansfield* v. *Pembroke* does little more than state the point decided, which was that actual seisin of the estate set off for dower before the confirmation of the report was sufficient for the purpose of gaining a settlement, and would be counted to make up the three years under the St. of 1793, c. 34, § 2, *cl.* 4. In *Parker* v. *Parker*, the heir and the widow, being the only persons interested, gave their mutual assent in writing to the assignment as soon as it was made, and it was held in a suit by the heir that the widow could justify entering and taking the profits before the report was confirmed. We agree to both decisions, but we cannot accept as a general proposition the statement repeated in the later from the earlier opinion, that the judgment related back to the assignment. Indeed, we do not understand that it was intended to be laid down without qualification, as the assent of the heir was also strongly insisted upon. See *Conant* v. *Little*, 1 Pick. 189. Littleton was quoted to the effect that, where the certainty appeareth what lands the wife shall have for her dower, the wife may enter without any

new assignment. Co. Lit. 37 *a*, § 43. But the cases put by Lord Coke as illustrations are where specific lands were assigned *ad ostium ecclesiæ*. See Lit. §§ 39, 40; Co. Lit. 34 *b*; *Hildreth* v. *Thompson*, 16 Mass. 191, 193. The analogy most relied on was, that, " where she has recovered a judgment for her dower, she may enter immediately after the sheriff has set out her thirds, before the writ shall be returned. Co. Lit. 37.*b*, *in notis*." But it seems to us that the analogy is answered by the consideration, that in the writ of dower there was no further judgment touching the assignment to be given after the act of the sheriff.

When a judgment of confirmation is required, as it now generally is by statute, after a partition or assignment of dower, the judgment of confirmation is the final judgment. Pub. Sts. c. 174, §§ 8, 9; c. 178, §§ 19, 24, 33–35. Co. Lit. 168 *a*, 169 *a*. We find no reason for supposing that it relates back to an earlier date, or stands differently from other final judgments, in the fact that, under a more archaic procedure to which the judgment of confirmation was unknown, the party could enter when the officer appointed by the court had designated the land. If our reasoning is correct, it applies here, as we see no distinction in this respect between the case of one who was already seised as tenant in common for life, and one who had only a right of dower.

The evidence that the defendant had been in possession of the premises " before the twenty-third day of May," even supposing it to mean that she had been in exclusive possession, is not evidence that she was in possession on May 1; and we do not discern what difference it would have made to this case if she had been.

The defendant called an assessor, who produced the assessors' record, showing that the estate was assessed on May 1 to Patrick D. Crosby and heirs of Timothy Cunniff. On cross-examination, the witness testified that the assessment " was made about the middle of May, 1881, or later, and that he would not state it was not made after said twenty-third day of said May." The tax bill also was put in, bearing the usual date of October 1. If this can be called evidence that the tax was not actually assessed until after May 1, still the case was rightly withdrawn from the jury, as the tax was required to be assessed

to the person who was owner or in possession on May 1; Pub.
Sts. *c.* 11, § 13; and is to be treated as if assessed on that day,
for the purpose of determining the rights of the parties. See
*Cochran* v. *Guild*, 106 Mass. 29; *Newcomb* v. *Wallace*, 112 Mass.
25; *Blackie* v. *Hudson*, 117 Mass. 181; *Carr* v. *Dooley*, 119 Mass.
294; *Smith* v. *Carney*, 127 Mass. 179, 182.

*Exceptions overruled.*

*R. W. Shea,* for the plaintiff.
*T. Curley,* for the defendant.