ALONZO V. LYNDE *vs.* MARGARET BROWN & others.

Middlesex. Nov. 16, 1886. — Jan. 8, 1887. HOLMES & GARDNER, JJ., absent.

The owner of a parcel of land died, leaving a widow and an heir at law. Dower was not assigned to the widow, and she, acting as agent for the heir at law, let the land to a tenant. While the tenant was in sole occupation of the land, a tax upon it was assessed to the widow. *Held,* that the widow was not the person "in possession," within the Pub. Sts. *c.* 11, § 13; and that the assessment was invalid.

WRIT OF ENTRY, dated July 24, 1885, against Margaret Brown, Michael Foley, and Patrick McLaughlin, to recover a parcel of land in Wakefield. The case was submitted to the Superior Court, and, after judgment for the tenants, to this court, on appeal, upon agreed facts, in substance as follows:

The demandant claims title under three deeds, dated respectively July 2, 1883, August 2, 1884, and June 3, 1885, made, executed, and delivered to the demandant by the tax collector of Wakefield.

---

The taxes were assessed upon the demanded premises, for the years 1881, 1882, and 1883, respectively, and were unpaid, and the tax collector, in the exercise of his power to sell lands for unpaid taxes, duly advertised and sold the said land for the taxes assessed on each of said years, and made three separate deeds, that of July 2 for the tax of 1881, that of August 2 for the tax of 1882, and that of June 3 for the tax of 1883. Each sale took place within two years from the time the lists were committed to the collector for collection. Each of these deeds was duly recorded within the time prescribed by law. The taxes for each year were assessed to Margaret Brown of Boston, one of the tenants, and in each deed she is described as a non-resident owner.

On September 10, 1864, Patrick Gillespie died intestate, seised in fee, under a deed duly recorded, of the demanded premises, leaving the tenant Margaret as his widow, and one child, Mary Ann Gillespie, a minor and unmarried.

On October 11, 1864, said widow took out administration upon her husband's estate. She has never had her dower in the demanded land assigned to her, and has never resided upon said land since her husband's death, excepting about six weeks in the year 1867, but said land has been let by her to and occupied by the tenant Foley since said October 11, 1864, under a parol lease from said Margaret, to whom he has always paid the rent excepting during said six weeks, to the time of bringing this action. Mary Ann Gillespie, the daughter above named, married one John McLaughlin, by whom she had as issue two children, Hugh and Patrick, and died in 1879, leaving her husband and one child aged four years, namely, Patrick McLaughlin, who is still living, and is one of the tenants. John McLaughlin, the husband, died in 1884, and all the rights of said Mary Ann Gillespie, as sole heir of Patrick Gillespie, were vested by descent in her child, Patrick McLaughlin, at the time of said several assessments. Since the death of his mother, Patrick McLaughlin has lived with Margaret Brown.

On January 4, 1883, John McLaughlin, the father and legally appointed guardian of said Patrick, filed a petition in the Probate Court against the administratrix, asking for an account to be rendered of the estate of Patrick Gillespie, and on

January 30, 1883, she filed an account, in which she charged herself with the sum of $1620 as rent and income from this real estate of her husband from the time of his decease; and, on January 22, 1884, her account was allowed, upon the payment by her of a balance to the guardian.

Before bringing this action, the demandant made a demand for the possession of said land, and payment for the use and occupation of the same, which the tenants refused.

If, upon the above facts, the assessment of the taxes upon said land to Margaret Brown was legal, judgment was to be entered for the demandant, and for such rents and profits as might be found due; if the assessment was not legal, judgment to be entered for the tenants.

*W. P. Harding*, for the demandant.

*W. Schofield*, for the tenants.

W. ALLEN, J.   The Pub. Sts. *c.* 11, § 13, provide that, "for the purpose of assessing and collecting taxes, the persons appearing of record as owners of real estate shall be held to be the true owners thereof.   Taxes on real estate shall be assessed, in the city or town where the estate lies, to the person who is either the owner or in possession thereof on the first day of May." Sections 18 and 19 provide for assessing the undivided estate of a deceased person in certain cases; but these provisions were not acted on, and are immaterial, except as showing that a simple and easy mode of making a correct assessment was provided.

The only interest or right in the land which Mrs. Brown had was a right to have dower assigned to her out of it.   It is not contended that the taxes could be assessed to her as the owner of the real estate; but it is contended that she was in possession of it, within the meaning of the statute.   She let the estate by a parol lease to the tenant Foley, after the death of her husband in 1864, and Foley occupied as her tenant at the times when the taxes in question were assessed, paying rent to her.   Foley was in possession, and could have maintained an action on that possession against Mrs. Brown.   It is argued that, at the times of the assessments of the taxes to her, she was acting in behalf of her infant grandchild, who was the owner, and was in possession of the estate, managing and letting it for him as his agent.

But the case finds that she was not resident in the town, and did not occupy the estate, and that it was in the possession of Foley as tenant. The statute means the actual possession which a tenant occupying the premises has, as distinct from the constructive possession which an owner may have; and, if the tenant is in possession, it is immaterial whether he holds under the owner, or the agent of the owner, or a stranger.

*Judgment for the tenants.*