JOHN KERSLAKE & others *vs.* ALICE S. CUMMINGS, administratrix, & another.

Worcester.     September 30, 1901. — November 20, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Tax*, Sale, "Persons who appear as record owners," Persons "in possession" of real estate on May 1, Expenditures by holder of tax title.

A tract of land in a city, about one hundred by one hundred and fifty feet and having upon it two separate dwelling houses of four tenements each, was taxed to a widow having six minor children. Her husband, father of the children, had owned the land when he died intestate three years before. Since her husband's death she and her children had occupied one of the eight tenements, and the widow had let the other seven in her own name, using the money for the support of the children and for repairs. No dower had been assigned to her, and she had not been appointed guardian. The land was sold for taxes and the purchaser at the sale mortgaged it. In a suit in equity brought by the heirs of the deceased husband for the cancellation of the mortgage as a cloud upon their title, it was *held*, that the assessment was bad and the tax sale void, and that the plaintiffs were entitled to the relief sought; that the widow could not be regarded as one of the "persons who appear as record owners" of the estate within St. 1888, c. 390, § 56, and that she was not "in possession" of the estate within the meaning of Pub. Sts. c. 11, § 13; that she had not disseised her children who occupied one tenement with her, and although she let the others in her own name she was doing so in the children's interest and was occupying the land with the

heirs in the way contemplated by Pub. Sts. c. 124, § 13, providing for the case of a widow who does not care to have her interest assigned to her. *Whether,* if the widow could have been found to be in possession, such possession under the circumstances of her occupation could have been found to include the land outside the buildings, *quære.*

In a suit in equity by the owner of land illegally sold for taxes seeking the cancellation of a mortgage made by the purchaser at the tax sale, the mortgagee offered to show that the holder of the tax title, his mortgagor, had expended the money borrowed on the mortgage, and more, in taxes and repairs. The evidence was excluded. *Held,* that the exclusion was right; that even if the mortgagor could bring his case within the analogy of Pub. Sts. c. 173, §§ 17, 18, providing in certain cases compensation for a tenant against whom judgment has been given in a real action, and if the analogy gave him any rights, there was no ground on which this could help the mortgagee in the present proceeding.

BILL IN EQUITY by the heirs at law of Thomas G. May, late of Fitchburg, and one claiming under certain of them, against the mortgagee from an assignee of a purchaser at a tax sale of certain real estate belonging before his death to Thomas G. May, and thereafter alleged to have been sold for taxes illegally assessed, to compel the cancellation and discharge of the mortgage as a cloud upon the plaintiffs' title, filed November 7, 1899.

In the Superior Court the case was heard by *Maynard,* J., who made a decree declaring the mortgage to be void and a cloud on the title of the plaintiffs, and ordering the defendant mortgagee to deliver up the mortgage to be cancelled and to discharge it upon the record. The defendants appealed. The rulings and findings of the judge and the evidence to which they related are stated in the opinion of the court.

*C. F. Baker & W. P. Hall,* for the administratrix.

*J. A. Stiles,* for the plaintiffs.

HOLMES, C. J. This is a bill for the cancellation of a mortgage as a cloud upon the plaintiffs' title. The case comes here by the defendants' appeal from the final decree. It appears from the decree that the case was heard upon a written statement of certain facts agreed, which is referred to, and evidence which is set forth. There is no ground, therefore, for the plaintiffs' suggestion that the only question is whether the decree follows the frame of the bill. The case is before us on the merits.

The mortgage referred to was given by the assignee of a tax title, and the main question is whether the tax sale was valid. The mortgaged land is a tract in Fitchburg, measuring about

one hundred by one hundred and fifty feet, and having upon it two separate dwelling houses of four tenements each. This tract was assessed as one lot to Julia May for the taxes of 1894. The sale was under this assessment. More narrowly stated, the main question is whether the assessment can be sustained. Julia May was the widow of Thomas May the former owner of the land, who died intestate in 1891, leaving six children, all of whom were minors in May, 1894. Since her husband's death she and her children had occupied one of the eight tenements, and she had let the other seven in her own name, using the money for the support of the children and for repairs. No dower had been assigned to her, and she had not been appointed guardian.

It does not seem to us that Mrs. May can be regarded as one of the " persons who appear as record owners " of the estate within St. 1888, c. 390, § 56. See *Croade* v. *Ingraham*, 13 Pick. 33, 35; *Smith* v. *Shaw*, 150 Mass. 297; *Maxon* v. *Gray*, 14 R. I. 641; *Aikman* v. *Harsell*, 98 N. Y. 186, 191; *Cox* v. *Jagger*, 2 Cowen, 638, 651; *Kearns* v. *Cunniff*, 138 Mass. 434; *Lynde* v. *Brown*, 143 Mass. 337, 339; *Carter* v. *Peak*, 138 Mass. 439. If the assessment is to be upheld it must be on the ground that she was " in possession " of the land within the meaning of Pub. Sts. c. 11, § 13, and this is the ground chiefly relied upon.

The possession which is required by the statute is that which the law recognizes as such, not a mere presence on, or dealing with, the land or a part of it, which falls short of such a relation to it that the supposed possessor could sue for a trespass. The contrary is not decided in *Southworth* v. *Edmands*, 152 Mass. 203, and the proposition is settled in England as to occupancy. *Allan* v. *Liverpool*, L. R. 9 Q. B. 180. *Cory* v. *Bristow*, 2 App. Cas. 262, 276. Such a possession may be an unqualified seisin of the freehold, or an exclusive occupation, no longer called seisin, under a lease, *Lynde* v. *Brown*, 143 Mass. 337, *Pierce* v. *Cambridge*, 2 Cush. 611, or, perhaps, such an occupation purporting to be under a lease, although the title proves defective. *Davison* v. *Gent*, 1 H. & N. 744. No other occurs to us. But whether we have exhausted the possibilities or not it seems to us plain that Mrs. May properly could be found not to have had possession of the tract.

Apart from Pub. Sts. c. 124, § 13, the judge rightly found that the mother had not disseised her children. A contrary finding would have been absurd. Not only is it agreed that the children occupied one tenement with her, but it is plain, as she testifies, that although she let the others in her own name, she was doing so in the children's interest and therefore with no thought of an adverse claim. See *Silva* v. *Wimpenney*, 136 Mass. 253, 254. But unless the letting in her own name shows a disseisin, as under most circumstances it would, it shows nothing. It certainly does not indicate a claim to hold under a lease, or as tenant. Nothing indicates an exclusion of the children from their rights as heirs, or from the possession presumed to follow their rights especially when they were upon the land. The mother was occupying the land with the heirs in the way contemplated by the statute. Pub. Sts. c. 124, § 13. *Anthony* v. *Anthony*, 161 Mass. 343, 352. *Kirchgassner* v. *Rodick*, 170 Mass. 543, 545.

No argument for the defendant can be based upon the decision in *Southworth* v. *Edmands*, 152 Mass. 203, that when a family is living upon land belonging to the mother the land may be taxed to the father as being in possession. That case goes upon the identity of husband and wife. There is a penumbra in which that identity, although largely broken down by statute, still has a somewhat ghostly existence, and exactly where the line should be drawn is a point upon which people may differ. But there is no fiction of identity between mother and child.

As it is impossible to say that the judge was wrong as to any part of the land, it is unnecessary to consider whether, in order to uphold the assessment, it would not be necessary to show that Mrs. May was in possession of the whole tract assessed. See *London & North Western Railway* v. *Buckmaster*, L. R. 10 Q. B. 70, 76, 80. We do not mean to intimate that, so far as appears, letting the tenements would prevent her being in possession of the whole in a sense that would satisfy the law. There might be a distinction between letting the tenements and letting the house. In *Southworth* v. *Edmands*, 152 Mass. 203, it did not appear specifically that one house was let on the first of May. The letting is mentioned only to show the dominion exercised. But apart from that the question would

remain whether the possession of one acting as she did ought to be extended beyond the necessary implication of his or her overt acts, and therefore whether Mrs. May properly could be found to have been in possession of the land outside the buildings. *Carey* v. *Buntain,* 4 Bibb, 217.

It appears from the decree that testimony was offered and rejected that the holder of the tax title had expended the money received upon the mortgage, and more, in taxes, repairs, etc. We perceive no ground upon which this can help the mortgagee in the present proceeding, not to speak of the difficulties which the mortgagor would encounter in making out a case within the analogy of Pub. Sts. c. 173, §§ 17, 18, if analogy was enough.

*Decree affirmed.*