BOSTON MOLASSES COMPANY *vs.* COMMONWEALTH.

Suffolk.  November 21, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Commonwealth.  Commonwealth Flats.  Landlord and Tenant.  Tax.*

St. 1904, c. 385, provides that lands of the Commonwealth "known as the Commonwealth Flats, shall, if leased for business purposes, be taxed by the city of Boston to the lessees thereof." A lease for business purposes of land on the Commonwealth Flats, made by the Commonwealth before the enactment of this statute, contained a covenant of the lessor of quiet enjoyment by the lessee, and a covenant of the lessee to pay the rent, "and also all water rates and all taxes which may be assessed upon any buildings, fixtures or other property put upon said premises by the lessee and which are between the parties hereto treated as and agreed to be personal property." Under the statute above named the city of Boston demanded from the lessee the payment of a tax assessed upon the land, and the lessee paid the tax, and sued the Commonwealth for the amount thus paid. *Held*, that, whether or not R. L. c. 12, § 20, is applicable to the Commonwealth, the lessee by a petition under R. L. c. 201 could recover from the Commonwealth the amount of the tax on the land thus paid by him.

PETITION, filed December 28, 1905, under R. L. c. 201, to recover from the Commonwealth the amount of a tax paid by the petitioner to the city of Boston assessed to it under St. 1904, c. 385, upon land and a pile wharf or pier in that part of Boston called South Boston, constituting a part of the Commonwealth Flats and leased by the Commonwealth to the petitioner by a lease dated May 20, 1902, with a supplementary agreement of the petitioner dated February 23, 1904, to pay an additional

amount of rent on an extension of the pier made by the Commonwealth at the request of the petitioner.

The Commonwealth demurred to the petition, and for cause of demurrer alleged that the petition did not state a legal cause of action, in that it did not appear in the petition that the provisions of R. L. c. 12, § 20, referred to therein, applied to taxes paid by a lessee of land of the Commonwealth in that part of Boston called South Boston known as the Commonwealth Flats, in accordance with the requirements of St. 1904, c. 385.

In the Superior Court *Richardson*, J. made an order sustaining the demurrer, but, being of opinion that the order ought to be determined by this court before any further proceedings were had in the Superior Court, reported the case for such determination, upon the following terms agreed to by the parties: If this court should decide that the demurrer was sustained rightly, the petition was to be dismissed; but, if this court should decide that the demurrer ought to have been overruled, judgment was to be entered for the petitioner in the sum of $1,616.56, with interest from November 14, 1905.

The material portions of the lease are quoted or described in the opinion.

*L. D. Brandeis*, (*W. H. Dunbar* with him,) for the petitioner.

*D. Malone*, Attorney General, for the Commonwealth.

SHELDON, J.   It seems clear to us that the taxes to be assessed under St. 1904, c. 385, were to be imposed upon the lands mentioned in that act and not merely upon the leasehold interest of the tenant, to whom they were to be assessed.   The act provides expressly for the taxation of " the lands of the Commonwealth " if leased for business purposes; it provides that they shall be taxed " in the same manner as the lands and buildings thereon would be taxed to [the] lessees if they were the owners of the fee," — words which plainly could be satisfied only by a taxation of the fee simple estate to its full value.   The fact that the tax is in terms to be assessed to the lessees is not decisive against this view.   All taxes on real estate may be assessed to the person who is in actual possession thereof on the first day of May, as well as to the owner at that time.   R. L. c. 12, § 15.   St. 1902, c. 113.   *Lynde* v. *Brown*, 143 Mass. 337, 340.   *Kerslake* v. *Cummings*, 180 Mass. 65, 67.   This statute, like R. L. c. 12, § 15,

merely provides how the tax shall be laid, to whom it shall be assessed, and who is to be held for its payment in the first instance; it does not in any way determine upon whom the final burden is to be cast.   Nor does the fact that the tax is not secured, as in most cases, by a lien upon the whole estate taxed, but only upon the leasehold interest in the lands and upon the buildings thereon, require a different conclusion.   This is in substance merely a provision that the ordinary lien for taxes shall not be enforced against the Commonwealth, a restraint which it is clearly within the power of the Legislature to impose.   This again has no tendency to show that the whole of the estate is not to be taxed, under words of a statute which plainly contemplate such taxation.

This tax having been duly assessed to the petitioner, and having been paid by it, its present rights to recover from the Commonwealth as the general owner of the property the amount of this tax must depend in the first instance upon the terms of its lease from the Commonwealth.   And it must be remembered that in giving this lease the Commonwealth was not acting in its political character as sovereign, but merely as the owner of property, about which it was making a contract.   As to this contract it put itself into the position of a private citizen, and the lease must be construed as if it were made between two individuals.   *Commonwealth* v. *André*, 3 Pick. 224, 225.   Having chosen to descend from the plane of its sovereignty and to make this contract with a private person, it is to be regarded as itself a private person, and is bound as such.   *Hall* v. *Wisconsin*, 105 U. S. 5, 11.   As was said in *People* v. *Stephens*, 71 N. Y. 527, 549, "The State, in all its contracts and dealings with individuals, must be adjudged and abide by the rules which govern in determining the rights of private citizens contracting and dealing with each other.   There is not one law for the sovereign and another for the subject; but, when the sovereign engages in business and the conduct of business enterprises, and contracts with individuals, although an action may not lie against the sovereign for a breach of the contract, whenever the contract, in any form, comes before the courts, the rights and obligations of the contracting parties must be adjusted upon the same principles as if both contracting parties were private persons.   Both stand

upon equality before the law, and the sovereign is merged in the dealer, contractor and suitor." To the same effect are *Danolds* v. *State*, 89 N. Y. 36, 44; *Carr* v. *State*, 127 Ind. 204; *Patton* v. *Gilmer*, 42 Ala. 548; *Calloway* v. *Cossart*, 45 Ark. 81, and *Chapman* v. *State*, 104 Cal. 690.

The lease given by the Commonwealth to the petitioner was dated on the twentieth day of May, 1902, and was delivered on or about that date. It demised to the petitioner the land therein described, for the term of fifteen years from the first day of July, 1903, at an annual rental of $9,500. After divers other covenants on the part of the Commonwealth, the lessor, which are not now material, it contained the following stipulation: " And the said lessor covenants and agrees with the said lessee and its representatives, that those paying the rent aforesaid, and performing the covenants herein contained on their part to be paid and performed, shall peaceably hold and enjoy the said premises without hindrance or interruption by the said lessor or any person or persons whomsoever." Then followed covenants by the lessee, the petitioner, to pay the rent, " and also all water rates and all taxes which may be assessed upon any buildings, fixtures or other property put upon said premises by the lessee and which are between the parties hereto treated as and agreed to be personal property." Other covenants by the lessee, and the details of a supplemental agreement for the payment of additional rent for an extension to a pier, are not material to the question now to be considered. It is not contended that there has been any breach of agreement by the petitioner.

It appears that the petitioner agreed to pay a fixed rental and certain specified taxes; and the Commonwealth agreed that the petitioner doing this should have peaceable enjoyment of the demised premises. Under this state of facts, the St. of 1904, before referred to, was passed. Under this statute, in conformity with its terms, the tax in question was laid, being for a much larger amount and upon other property than the taxes which the petitioner had agreed to pay, to wit, for the additional amount of over $1,600, and upon the land and pile wharf; and the question is whether under the terms of this lease the petitioner, having paid, as it was liable to the city of Boston to pay, this additional amount, has a right to require repayment thereof from its lessor. .

It is manifest that the lease has fixed, as between these parties, the taxes for which the petitioner is to be held, that is, the taxes " upon any buildings, fixtures or other property put upon said premises by the lessee." This, as to taxes, constitutes by the express terms of the lease, the whole of the burden put upon the lessee; and the covenant of the lessor for quiet enjoyment cannot, as between the parties, be made subject to any more onerous conditions. See the cases cited *supra*. The burden of any further taxes lawfully assessed upon the leased property must, as between these parties, fall finally upon the lessor. The tax is a charge upon the owner by reason of his ownership, and must fall upon him so far as he has not guarded himself therefrom by the terms of his lease. *Walker* v. *Whittemore*, 112 Mass. 187, 189. The final apportionment of the burden of taxation between landlord and tenant in this Commonwealth has been long regulated by statute, the present provision being found in R. L. c. 12, § 20. But the common law rule is well settled in accordance with the intimation in *Walker* v. *Whittemore, ubi supra*. Taylor, Land. & Ten. § 341, and cases there cited. " The general rule, where the lease is silent upon the subject, imposes upon the lessor the obligation to pay the taxes upon the leased property." Gray, J. in *People* v. *Barker*, 153 N. Y. 98, 101. *Caldwell* v. *Moore*, 11 Penn. St. 58. *Leach* v. *Goode*, 19 Mo. 501. *Weichselbaum* v. *Curlett*, 20 Kans. 709. *East Tennessee, Virginia & Georgia Railway* v. *Morristown*, 35 S. W. Rep. 771. The rule is recognized in *Sheldon* v. *Hamilton*, 22 R. I. 230, 234. See also the cases cited in 18 Am. & Eng. Encyc. of Law, (2d ed.) 639. And the special provision in this lease that the lessee should pay certain specified taxes makes clearer the intention of the parties that he should not be held finally liable for any others. *Harvey* v. *Murray*, 136 Mass. 377, 378. We cannot doubt accordingly that the final liability for the amount of this tax must, as between the parties, be cast upon the lessor.

Independently therefore of the question whether the provision of R. L. c. 12, § 20, is binding upon the Commonwealth, we are of opinion that the petition states a good cause of action against the Commonwealth. If that statute is binding upon the Commonwealth, the same result follows as a matter of course. Accordingly, and following the terms of the report, the order must

be that the demurrer be overruled and judgment entered for the petitioner in the sum of $1,616.56, with interest from November 14, 1905; and it is

*So ordered.*