GEORGE C. CORCORAN *vs.* CITY OF BOSTON.

Suffolk. December 12, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Tax,* Exemption. *Commonwealth Flats. Landlord and Tenant. Words,* "Leased."

St. 1904, c. 385, providing that lands of the Commonwealth in that part of Boston called South Boston known as the Commonwealth Flats "shall, if leased for business purposes, be taxed by the city of Boston to the lessees thereof," does not apply to land occupied under a bond for a deed from the Commonwealth by one who carries on business there, and such land is exempt from taxation.

PETITION, filed February 21, 1906, under R. L. c. 12, § 78, for the abatement of a tax of $315.20 assessed on May 1, 1905, on a parcel of land, in that part of the city of Boston known as South Boston, which at the time of the assessment was a part of the Commonwealth Flats, so called, owned by the Commonwealth, and upon which the petitioner had erected a manufacturing establishment and was carrying on business as a manufacturer, holding the land under a bond for a deed from

the Commonwealth, upon which the petitioner had paid all but the last instalment.

In the Superior Court the case was submitted to *Pierce*, J. upon an agreed statement of facts. He found for the petitioner in the sum of $328.43; and the respondent appealed.

*S. M. Child*, for the respondent.

*C. E. Hellier*, for the petitioner.

SHELDON, J. It is settled by the decision in *Corcoran* v. *Boston*, 185 Mass. 325, that the land occupied by the petitioner under a bond for a deed from the Commonwealth is exempt from taxation unless the exemption has been taken away by St. 1904, c. 385. That statute provides that certain lands of the Commonwealth, including the land now occupied by the petitioner, " shall, if leased for business purposes, be taxed by the city of Boston to the lessees thereof, respectively, in the same manner as the lands and buildings thereon would be taxed to such lessees if they were the owners of the fee." The respondent contends that the petitioner, being in occupation of the land under a contract for a deed, is in the position of a tenant at will, (*Lyon* v. *Cunningham*, 136 Mass. 532, 537, *Gould* v. *Thompson*, 4 Met. 224,) and accordingly that the land thus occupied by him must be regarded as leased land within the meaning of St. 1904, c. 385; that it was the intention of the Legislature to subject to taxation all land included in the Commonwealth flats in which the Commonwealth had parted with an interest, and which was used for business purposes.

In our opinion this construction cannot be supported. It is only when actually leased for business purposes that these lands become taxable. Then they are indeed to be taxed to their full value in fee simple; *Boston Molasses Co.* v. *Commonwealth*, *ante*, 387; but until that time they continue to be exempt from taxation. And while it is true that one in possession of land under a contract for a deed may under special circumstances have some of the rights and may be subject to some of the liabilities of a tenant, his interest cannot accurately be described as that of a lessee. *Kiernan* v. *Linnehan*, 151 Mass. 543, in which Allen, J. said, speaking of such an occupant: " In the recent case of *Lyon* v. *Cunningham*, 136 Mass. 532, it was explained that, though such a person's right is not greater than

that of a tenant at will, and though he is therefore often called a tenant at will, yet he is not to be regarded as a lessee for all purposes." There was no relation of landlord and tenant between the Commonwealth and the petitioner. *Dolittle* v. *Eddy*, 7 Barb. 74, 78. The statute provides that the payment of the tax is not to be enforced by a sale of the lands themselves in the usual manner, but by " a sale of the leasehold interest therein and of the buildings thereon." St. 1904, c. 385. This would indicate that the land was to be taxed only where a leasehold interest existed, or, in the preceding words of the statute, where the land had been " leased for building purposes."

In our opinion the petitioner was not liable to be taxed for this land, and the judgment entered in his favor by the Superior Court must be .

*Affirmed.*