BOSTON FISH MARKET CORPORATION *vs.* CITY OF BOSTON.
SAME *v.* COMMONWEALTH.

Suffolk.   January 17, 18, 1916. — May 15, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Commonwealth Flats. Landlord and Tenant,* What constitutes relation, Construction of lease. *Tax,* Of leased land on Commonwealth Flats. *Constitutional Law,* Proportional and reasonable taxation, Equal protection of the laws. *Words,* "All annual taxes," "Municipal."

Under an indenture between the Commonwealth, acting by the board of harbor and land commissioners, empowered thereunto by R. L. c. 96, § 3, and the Boston Fish Market Corporation, throughout which the corporation is described as "lessee" and by the provisions of which, aptly phrased to create the relation of landlord and tenant, the Commonwealth "doth hereby demise and lease unto" the corporation certain parts of Commonwealth Flats for a term of fifteen years and gives to it extensive rights as to the erection of substantial buildings which would be expensive and valuable improvements to the property, and the corporation agrees to pay a certain sum as "rent," the corporation is not given a mere license under R. L. c. 96, § 17, but it is a lessee of the premises.

And, if the lessee named above uses the premises for the purpose of subletting portions of them to persons who deal in fish, the premises are "leased" to it "for business purposes," although it does not itself engage in a mercantile business; and therefore, under the provisions of St. 1909, c. 490, Part I, § 12, the premises are subject to taxation.

The general exemption from taxation of the property of the Commonwealth in St. 1909, c. 490, Part I, § 5, cl. 2, does not apply to those portions of the Commonwealth Flats that are "leased for business purposes," which are expressly subjected to taxation by § 12.

The mere fact, that the Commonwealth by St. 1909, c. 490, Part I, § 12, subjects some, but not all, of the land of which it is the proprietor to taxation when it is leased, is not a violation of c. 1, § 1, art. 4 of the Constitution of Massachusetts,

requiring that all property taxes must be "proportional and reasonable," and violates no constitutional right of any citizen.

For the same reasons that statute is not in contravention of the clause of the Fourteenth Amendment of the Constitution of the United States assuring "equal protection of the laws."

A provision in a lease by the Commonwealth to a corporation of a portion of the Commonwealth Flats, that the lessee "shall also pay . . . all annual taxes which may be assessed upon the premises leased. . . . By 'annual taxes,' as applied to the leased premises, is meant the annually recurring municipal tax, and not any betterment taxes for street construction or other special taxes or assessments," requires the lessee to pay all the tax as assessed under St. 1909, c. 490, Part I, § 12, the word "municipal" as here used including the county and State taxes.

PETITION, filed on September 4, 1915, for repayment of State and county taxes included in the taxes paid by the petitioner to the city of Boston under the circumstances described in the opinion; also

CONTRACT for taxes paid under protest under the circumstances described in the opinion. The first, second and fourth counts of the declaration sought recovery of the entire tax paid. The third count sought recovery only of the amount paid as county and State taxes. Writ dated November 1, 1915.

The Commonwealth demurred to the petition. The demurrer was sustained by *McLaughlin,* J.; and the petitioner appealed.

The action of contract was submitted to *McLaughlin,* J., on an agreed statement of facts. He found for the defendant and, at the request of the parties, reported the case for determination by this court under the agreement that, if upon the agreed facts the plaintiff was entitled to recover on any count except the third, judgment was to be entered for the plaintiff in the sum of $37,-211.20 and interest from August 25, 1915; if the plaintiff could recover only on the third count, judgment was to be entered for the plaintiff in the sum of $8,440.34 and interest from August 25, 1915; if the plaintiff could not recover on any count of the declaration, judgment was to be entered for the defendant.

*J. N. Johnson,* (*M. F. Shaw.* with him,) for the petitioner.

*J. P. Lyons,* for the city of Boston.

*W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J. The petitioner seeks by these two different forms of procedure to recover taxes assessed as of April 1, 1914, and paid

by it in respect of land and buildings erected by it upon a portion of the South Boston flats. The legal title to the land is in the Commonwealth. The petitioner holds possession under an indenture duly executed between it and the Commonwealth, acting by the board of harbor and land commissioners, for a term of fifteen years from October 1, 1913. The taxes, which are the subject of these proceedings, were assessed under the assumed authority of St. 1909, c. 490, Part I, § 12,* first enacted in St. 1904, c. 385.

1. The plaintiff is the lessee of the land for which it has been taxed within the meaning of the statute. It is described as "lessee" throughout the indenture under which it holds possession. That indenture is in the form of a lease.† It is aptly phrased to create the relation of lessor and lessee. The harbor and land commission had the power to execute a lease. R. L. c. 96, § 3. The plaintiff is given extensive rights as to the erection of substantial buildings, piers and a breakwater, which doubtless would be expensive and valuable improvements to the property; but these circumstances have no tendency to prevent its becoming a lessee in accordance with its express agreement to that end. The case is distinguishable from *Corcoran* v. *Boston,* 193 Mass. 586, where the possession was under a bond for a deed, and from *Lyon* v. *Cunningham,* 136 Mass. 532, where possession was taken under an agreement for a lease. The plaintiff is not a mere licensee under R. L. c. 96, § 17.

2. The plaintiff is a lessee for "business purposes" as these two words are used in the statute. The markets established by it and

---

* This section reads as follows: "The lands of the Commonwealth, situate in that part of the city of Boston called South Boston and known as the Commonwealth Flats, shall, if leased for business purposes, be taxed by the city of Boston to the lessees thereof, respectively, in the same manner as the lands and buildings thereon would be taxed to such lessees if they were the owners of the fee, except that the payment of the tax shall not be enforced by any lien upon or sale of the lands; but a sale of the leasehold interest therein and of the buildings thereon may be made by the collector of the city of Boston in the manner provided by law in case of non-payment of taxes for selling real estate, for the purpose of enforcing the payment of the taxes by such lessees to the city of Boston assessed under the provisions hereof."

† The indenture recited "That the said lessor doth hereby demise and lease unto the said lessee certain premises . . ." The plaintiff agreed to pay "rent" at the rate of $35,000 yearly in equal quarterly instalments.

leased to its tenants for conducting the business of dealing in fish and sea foods demonstrate that the premises were leased to it for business purposes. The statute does not mean that the lessee must itself conduct a mercantile business upon the demised premises. It is enough if they are leased for the purpose of being devoted to business uses.

3. It is too plain for discussion that the general exemption from taxation of the property of the Commonwealth in St. 1909, c. 490, Part I, § 5, cl. 2, does not apply to property expressly subjected to taxation by § 12. The tax act is to be construed as an harmonious and consistent code.

4. The constitutionality of the section (§ 12) of the tax act here in question is assailed as being in conflict with the requirement that all property taxes must be "proportional and reasonable" found in c. 1, § 1, art. 4 of the Constitution. This contention is based on the fact that at the time this section of the tax act was enacted, the Commonwealth owned flats similar to these in South Boston, at East Boston, and other tracts about Boston Harbor and in other parts of the State, and also a part of the South Boston flats, which were not subject to taxation. The Commonwealth owned all these lands and flats in its capacity as the sovereign power. Naturally, and apart from express enactment or plain implication, property of the State is not subject to taxation. Instrumentalities of government are not deemed ordinarily subject to taxation in any form. *Worcester County* v. *Mayor & Aldermen of Worcester*, 116 Mass. 193. *Burr* v. *Boston*, 208 Mass. 537. *Opinion of the Justices*, 195 Mass. 607, 609. The sovereignty, being the owner of its property, has a right to do with it as it will with regard to subjecting it to taxation. While property held for a public use need not be made subject to taxation in order to render taxation of the people proportional and equal, if some property so held is made liable to taxation while other such property is not, no constitutional right of the citizen is infringed. The statute, in so far as it requires taxation of some of the property of the Commonwealth leased for purposes of general business, tends toward a closer approximation to equality of taxation than if all were freed from such imposts. It is not an arbitrary and capricious subjection of some private property and exclusion of other such property from the burdens of taxation. It is a dealing by the sovereign with some of its own

property in such way as to lighten to that extent the general weight of taxation. The fact that some lessees of land of the Commonwealth, or some occupants of land of the Commonwealth under different kinds of tenure, have made contracts whereby they have not been required to pay taxes upon such property, gives the plaintiff no right to complain on constitutional grounds of the clause in its lease, wherein it has covenanted to pay taxes. See *Trimble* v. *Seattle*, 231 U. S. 683.* The plaintiff was free to accept or reject the terms of the lease. It acted under no compulsion or coercion in entering into its contract. We have decided this question on its merits without pausing to discuss whether the plaintiff is in a position to raise it in view of the covenants of the lease.

5. The same reasons are decisive against the contention that this section of the tax act is in contravention of the "equal protection of the laws" clause of the Fourteenth Amendment to the Constitution of the United States. Equal protection of the laws does not require that all tenants of the sovereign must hold by the same kind of tenure and be subject by contract to precisely the same liability to taxation. The variety of terms to which leases and other methods of occupancy are susceptible may secure all the equality which the fundamental law requires of a State in dealing with its property.

6. The clause in the lease touching the payment of taxes †imposes the obligation upon the lessee to pay the State and county as well as city taxes. The words "all annual taxes" are significantly broad and include all such taxes assessed each year. These words are not cut down in this respect by the sentence of definition which follows. It might have been contended that assessments for street watering, for example, if any should be laid, were comprehended within the clause first used. The explanation makes a clear demarcation between tax impositions; which are directly contributory to the support of the general purposes of government,

---

* See *St. Louis & Kansas City Land Co.* v. *Kansas City*, 241 U. S. 419, 428.

† The lessee "shall also pay . . . all annual taxes which may be assessed upon the premises leased, or any interest, whether of the lessor or the lessee therein, or upon any buildings, fixtures or other property put upon the said premises by the lessee. By 'annual taxes,' as applied to the leased premises, is meant the annually recurring municipal tax, and not any betterment taxes for street construction or other special taxes or assessments."

and local assessments, which are founded upon special benefits to particular estates. This is the main distinction drawn by the explanation. The use of the word "municipal" in connection with the "annually recurring . . . tax" does not restrict the meaning of the phrase to the city and exclude State and county taxes. The city tax collector is the municipal officer, acting in this respect wholly in a public capacity in behalf of the sovereign as well as the city, who gathers the tax. The word "municipal" in this context means such taxes as are collected by the officer owing his appointment to the municipality, and is thus given full force. State, county and city or town taxes commonly are combined in a single amount, although provision is made for their separation. But they are collected always by the city or town, that is, by the municipal, collector of taxes. Doubtless in other connections, when applied to taxation, the word "municipal" may be used in a restrictive sense and in contrast with State and county. But for the reasons stated, such is not its signification in the lease at bar.

In the petition against the Commonwealth, the entry may be, order sustaining the demurrer affirmed. In the action against the city of Boston, in accordance with the terms of the report, judgment is to be entered for the defendant.

*So ordered.*