THE GRASSELLI CHEMICAL COMPANY *vs.* BOARD OF ASSESSORS OF THE CITY OF BOSTON.

Suffolk.    November 15, 1932. — November 19, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Tax,* Commonwealth Flats.

In 1920 the Commonwealth made a lease in writing of a portion of Commonwealth Flats to a Massachusetts corporation for business purposes and for a term ending April 30, 1930. An assignment of the

lease, which was not assented to by the Commonwealth, was made to a Delaware corporation and the original lessee was dissolved in 1929. The premises were assessed to the Delaware corporation at their full value on April 1, 1930, and that corporation sought an abatement, contending only that the assessors in valuing the property ought to have taken into account the fact that the lease terminated on April 30, 1930, and agreeing that if such contention was not sound the assessment was reasonable. *Held,* that

(1) Under G. L. (Ter. Ed.) c. 59, §§ 2, 5, Second, and St. 1909, c. 490, Part I, § 12, the fee simple of the property in question properly was assessed to the taxpayer at its full value;

(2) The circumstance that the lease expired one month after the date of the assessment had no effect upon the value of the fee as described in the mandate of the statute;

(3) The tax was assessed properly.

APPEAL filed on May 20, 1932, from a decision by the Board of Tax Appeals refusing an abatement of a tax.

Material facts appearing in the record are stated in the opinion.

*R. B. Owen,* (*E. R. Anderson* with him,) for the taxpayer.

*C. E. Fay,* Assistant Corporation Counsel, for the board of assessors.

RUGG, C.J. This is an appeal from a decision of the Board of Tax Appeals rendered in favor of the board of assessors of the city of Boston on an appeal from their refusal to abate a tax. The relevant facts are that The Grasselli Chemical Company of Massachusetts, a domestic corporation, in April, 1920, by an indenture in writing, leased from the Commonwealth for business purposes a part of the Commonwealth Flats in South Boston for a term of ten years beginning May 1, 1920, covenanting to pay rent and taxes during the term. It is alleged in the petition that the lessee was dissolved in 1929 and that an assignment of the lease to the taxpayer, a Delaware corporation having a place of business in Cleveland in the State of Ohio, was not assented to by the Commonwealth. The lease terminated on April 30, 1930. The assessors levied a tax as of April 1, 1930, upon the entire valuation of the land covered by the lease. The sole contention by the taxpayer is that the assessors in valuing the property ought to have taken into account the fact that the lease terminated on

April 30, 1930. It was agreed that if this contention was not sound the assessment was reasonable.

It is provided by St. 1909, c. 490, Part I, § 12, that "The lands of the Commonwealth, situate in that part of the city of Boston called South Boston and known as the Commonwealth Flats, shall, if leased for business purposes, be taxed by the city of Boston to the lessees thereof, respectively, in the same manner as the lands and buildings thereon would be taxed to such lessees if they were the owners of the fee." It appears from the "Preliminary Report of the Commissioners to Consolidate and Arrange the General Laws," volume 1, at page 101, that this particular provision was regarded as special legislation and therefore omitted from the General Laws. See Spec. Res. 1916, c. 43. It is provided in G. L. (Ter. Ed.) c. 59, by § 2, that "All property, real and personal, situated within the Commonwealth . . . unless expressly exempt, shall be subject to taxation"; by § 5, Second, that there shall be exempt from taxation "Property of the Commonwealth, except . . . lands in Boston known as the Commonwealth flats, if leased for business purposes"; and by § 11 that "Taxes on real estate shall be assessed, in the town where it lies, to the person who is either the owner or in possession thereof on April first." It is manifest that the tract here assessed was not exempt from but was subject to taxation. Respecting the scope and effect of § 12 as it appeared in an earlier enactment it was said in *Boston Molasses Co.* v. *Commonwealth*, 193 Mass. 387, at page 388, that these words "plainly could be satisfied only by a taxation of the fee simple estate to its full value. The fact that the tax is in terms to be assessed to the lessees is not decisive against this view. All taxes on real estate may be assessed to the person who is in actual possession thereof on the first day of . . . [April], as well as to the owner at that time." The same principle was applied in *Boston Fish Market Corp.* v. *Boston*, 224 Mass. 31. See also *Baker* v. *Horan*, 227 Mass. 415. The terms of the statute already quoted are mandatory to the effect that the assessment must be upon the lessee to the same extent as if the lessee were the owner in fee. The cir-

cumstance that the lease may expire shortly after the tax date has no effect upon the value of the fee as described in the mandate of the statute. The principle declared in *Lodge* v. *Swampscott*, 216 Mass. 260, to the effect that valid restrictions on the use of land are to be taken into account in the assessment of a tax is not pertinent to the case at bar in view of the unmistakable words of the statute. *Donovan* v. *Haverhill*, 247 Mass. 69.

*Petition dismissed.*