IRVING USEN COMPANY, INC. *vs.* ASSESSORS OF BOSTON.

Suffolk.    May 13, 14, 1941. — September 9, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Tax,* On real estate: Commonwealth Flats.    *Landlord and Tenant,* Lease of Commonwealth Flats.

A lessee of part of the Commonwealth Flats under a lease, dated January 6 and providing for a term commencing January 1, was not lessee on January 1 and was improperly assessed a tax as of that date.

APPEAL from a decision by the Appellate Tax Board.

*A. A. Ginzberg,* for the taxpayer.

*W. S. Casey,* Assistant Corporation Counsel, (*N. Moger,* Assistant Corporation Counsel, with him,) for the Assessors of Boston.

DOLAN, J.    This is an appeal from a decision of the Appellate Tax Board rendered in favor of the assessors of the city of Boston on an appeal from their refusal to abate a tax.    The petitioner elected to be governed by the informal procedure provided for by G. L. (Ter. Ed.) c. 58A, § 7A.

The relevant facts are as follows: The land in question forms a part of "Commonwealth Lands" in South Boston, commonly known as the Commonwealth Flats.    By an indenture dated January 6, 1939, the Commonwealth, under the authority of G. L. (Ter. Ed.) c. 91, § 2, demised the land involved to the petitioner for a term of four years, beginning January 1, 1939, and ending on December 31, 1942.    The indenture contained the following covenant: "The Lessee covenants . . . [to] pay all taxes . . . whatsoever which may be payable for or in respect of the said premises or any part thereof during the term hereof."    The assessors valued the land at $15,500, and assessed a tax thereon to the petitioner as of January 1, 1939, in the amount of $618.45.    On November 21, 1939, the petitioner paid $400 on account of

this tax, and on November 23, 1939, paid the balance of $218.45. Each of these payments was made under protest. The petitioner applied to the assessors for an abatement of the tax on October 16, 1939 (see St. 1939, c. 493, § 2), and on February 2, 1940, received written notice from the assessors of their decision to refuse to abate the tax.

Under the terms of G. L. (Ter. Ed.) c. 91, § 2, the State department of public works is authorized to lease "lands at and near South Boston known as the Commonwealth flats." G. L. (Ter. Ed.) c. 59, § 5, Second, exempts from taxation, so far as here material, property of the Commonwealth "except . . . lands in Boston known as the commonwealth flats, if leased for business purposes." Statute 1909, c. 490, Part I, § 12 (omitted from the General Laws because regarded as special legislation), provides that the Commonwealth Flats "shall, if leased for business purposes, be taxed by the city of Boston to the lessees thereof, respectively, in the same manner as the lands and buildings thereon would be taxed to such lessees if they were the owners of the fee." *Grasselli Chemical Co.* v. *Assessors of Boston,* 281 Mass. 79, 81. *Boston* v. *Boston Port Development Co.* 308 Mass. 72, 80. G. L. (Ter. Ed.) c. 59, § 11, as appearing in St. 1936, c. 92 (see now St. 1939, c. 175), so far as here pertinent provides that "Taxes on real estate shall be assessed, in the town where it lies, to the person who is the owner on January first, and the person appearing of record, in the records of the county . . . where the estate lies, as owner on January first, . . . shall be held to be the true owner thereof . . . ."

Real estate taxes are assessed annually, not, however, for any period of time but as of a fixed day, *Miller* v. *Wadsworth, Howland & Co. Inc.* 296 Mass. 172, 174; and it is settled that the assessment of the tax must be levied as of the tax day (here January 1, 1939) on the person or persons designated by the governing statute, and that it is immaterial if the property has been alienated in the meantime. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 522. See also *Kearns* v. *Cunniff,* 138 Mass. 434. The assessors could not lawfully assess the tax in any other way than that

prescribed by law.    *Stone* v. *New England Box Co.* 216 Mass. 8, 10.

In the present case it is clear that the petitioner was not the owner or lessee of the land involved on the tax day as of which the tax in question was assessed to it.    On that day absolute title to the locus was vested in the Commonwealth.    That the Commonwealth was exempt from taxation in no way alters the general rule, so as to make it proper to assess the tax as of the tax day to the petitioner who then had no interest pertaining to the premises.    .The covenant of the petitioner in the lease to "pay all taxes . . . whatsoever which may be payable for or in respect of the . . . premises or any part thereof during . . ." the term of the lease, which was defined as beginning on January 1, 1939, upon which the assessors rely, cannot avail them.    The agreement was between the parties and, moreover, the covenant just referred to imposed no obligation that would not have rested upon the petitioner had the covenant not been made.    As matter of law, the petitioner, as the lessee of the land, under the governing statutes would be obligated to pay all taxes lawfully assessed during the term of the lease.    There was no lawful tax payable in respect of the premises as of January 1, 1939.    They were then exempt from taxation, and no subsequent change of conditions can be related back to the tax day, and considered in reviewing an assessment.    *Kearns* v. *Cunniff*, 138 Mass. 434.    *Rogers* v. *Gookin*, 198 Mass. 434, 436.    *Saftel* v. *Brooks*, 254 Mass. 516, 518.    *Mayor & Aldermen of Jersey City* v. *Montville*, 55 Vroom, 43, 44, affirmed 56 Vroom, 372. *Mohr* v. *Joslin*, 162 Iowa, 34.    *People* v. *St. Louis*, 291 Ill. 600, 604.    See 2 Cooley, Taxation (4th ed.) §§ 546, 712, and cases there collected.    The relinquishment by the Commonwealth of the exclusive possession of the locus by the indenture of January 6, 1939, could have no effect until that date.

The order is that abatement be granted the petitioner in the amount of the tax, $618.45, with interest at the rate of four per cent per annum on $400 thereof from November 21, 1939, and on the balance of $218.45 from November 23,

1939, together with costs of this appeal. See G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1939, c. 366, § 1.

*So ordered.*