DEHYDRATING PROCESS CO. OF GLOUCESTER, INC. & another *vs.* CITY OF GLOUCESTER & others.

Essex.    May 11, 1956. — June 7, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation,* Real estate tax: public property used for nonpublic purpose, assessment, proportionality, on building, exemption, validity, Gloucester fish pier; Charitable corporation. *Constitutional Law,* Taxation, Equal protection of laws. *Gloucester.*

Following the construction of the State Fish Pier in Gloucester by the Commonwealth and a lease of it to a charitable corporation exempt from taxation and organized to administer the pier for the benefit of the fishing industry, portions of the pier with the structures on such portions forming part of the real estate, while occupied by private persons engaged in the fishing industry or business incidental thereto, were severally taxable to their respective occupants for the real estate tax under G. L. (Ter. Ed.) c. 59, § 3A, as appearing in St. 1951, c. 667, § 1. [291–292]

The real estate tax cannot be assessed upon a building apart from the land on which it stands. [292–293]

The assessment of the real estate tax under G. L. (Ter. Ed.) c. 59, § 3A, as appearing in St. 1951, c. 667, § 1, upon two only of a larger number of similarly situated occupants of portions of the State Fish Pier in Gloucester would not be "proportional and reasonable" as required by Part II, c. 1, § 1, art. 4, of the Constitution of Massachusetts, and would deny equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. [293]

BILL IN EQUITY, filed in the Superior Court on November 23, 1954.

The suit was heard by *Lurie*, J.

*Carlton W. Wonson*, City Solicitor, for the city of Gloucester and others.

*Melvin I. Bernstein*, for Gloucester Community Pier Association, Inc.

*C. Richard Clark*, for Gloucester By-Products, Inc.

*Harry Bergson, Jr.*, for Dehydrating Process Co. of Gloucester, Inc.

WILKINS, J.  Two taxpayers bring this bill for a declaratory decree as to the validity of the assessment against them of certain real estate taxes, arising out of their occupancy or possession of portions of the State Fish Pier in Gloucester, for the years 1952, 1953, and 1954.  The defendants are the city, its collector of taxes, its board of assessors, and Gloucester Community Pier Association, Inc. (hereinafter called the pier association).  The pier association's answer contains a prayer for a binding declaration that if the plaintiffs are liable for any taxes assessed, they have no right of reimbursement from the pier association.  The other defendants' answer contains a prayer for a binding declaration that similar assessments may be lawfully made in the future so long as the plaintiffs use the Commonwealth's land for the maintenance of buildings and structures.  The case was heard on the pleadings by a judge, by whose order there was entered a final decree declaring that the taxes are illegal and void, and that the assessors have no authority to assess real estate taxes in connection with the State Fish Pier, its structures and facilities, to anybody.  The defendants other than the pier association appealed.

The judge made these findings of fact.  For the purpose of improving and developing Gloucester harbor for the promotion of the fish industry and the commercial facilities of the city, legislation has been enacted for the construction and leasing by the Commonwealth of a fish pier.  St. 1931, c. 311.  St. 1936, c. 303.  St. 1937, c. 29.  St. 1954, c. 252.

By St. 1937, c. 29, § 1, a lessee of the pier, "if not the

city of Gloucester, shall be a corporation organized for the purpose of administering said pier and its facilities without profit and in such manner that said pier and its facilities shall be available, to the extent of their capacity, to fishermen, fish dealers and the fishing industry generally, subject to such reasonable regulations under the lease as the corporation may deem necessary or desirable for the purpose, and to the right of the corporation from time to time to sublease or license the use of portions of such pier or its facilities, or structures on such pier, to persons engaged in the fishing industry or business incidental thereto in such manner as will, in the judgment of the corporation, best and most equitably promote the purposes of this chapter; and the members of the corporation shall be the members of the municipal council, the city treasurer and city auditor of the city of Gloucester from time to time in office." By St. 1954, c. 252, § 1, the membership was changed to consist of five residents of Gloucester to be appointed by the mayor for three year terms.

In compliance with these statutory requirements the pier association was organized under G. L. (Ter. Ed.) c. 180, as amended, and accepted a lease of the pier, which with its facilities has been made available to the extent of the pier's capacity to fishermen, fish dealers, and the fishing industry generally. In conformity with the statutory permission, the pier association sublet to various persons engaged in the fishing industry or business incidental thereto, in such a manner as would most equitably promote the fish industry and the commercial facilities of the city.

The judge ruled that the pier association is exempt from taxation under G. L. (Ter. Ed.) c. 59, § 5, Third, and that the leasehold is personal property. The judge also purported to "find that such subletting in no way transferred any interest in real estate," and that the pier association was in possession of the pier and its buildings under a lease dated March 1, 1937, with the Commonwealth at an annual rental with certain rights of renewal. The lease contained

a provision that any buildings erected by the lessee should attach to the realty, and that title thereto should accrue to the Commonwealth at the expiration of the lease or any extension. At the time of the execution of the lease the structures on the pier consisted of a large building, designed for the making of ice and the freezing and storing of fish, and a row of ten stores, designed for the handling, processing, and selling of fish. Thereafter the pier association leased the large building to one corporation and the stores to various persons. The large building and stores were occupied under these leases in 1952, 1953, and 1954.

On June 11, 1948, the pier association leased a portion of open space on the pier to the Dehydrating Process Company, which sublet to the plaintiff Dehydrating Process Company of Gloucester, Inc. On June 17, 1948, a similar lease of open space was given to the plaintiff Gloucester By-Products, Inc. Thereafter the plaintiffs respectively erected buildings and tanks equipped with machinery for manufacturing fish by-products.

Purporting to act under G. L. (Ter. Ed.) c. 59, § 3A, as appearing in St. 1951, c. 667, § 1, and with knowledge of the lease between the Commonwealth and the pier association, the assessors, as of January 1, 1952, levied assessments for real estate taxes upon both plaintiffs in various amounts based entirely upon the assessors' valuation of the buildings and tanks.[1] These levies were repeated in 1953 and 1954. The plaintiffs alone, among the various lessees, occupants, or persons in possession of any portion of the pier, its structures or facilities, have been so assessed. No levy has been made against the pier association.

Upon the foregoing facts and rulings, the judge made the following rulings: (1) The taxes levied on the plaintiffs are void. (2) The pier, its structures, and facilities are owned by the Commonwealth, and are used or occupied for public purposes, and G. L. (Ter. Ed.) c. 59, § 3A, does not apply

---

[1] The plaintiffs state in their brief that the plaintiff Gloucester By-Products, Inc., is assessed only for a building. Such appears to be the fact from the tax bills in the admitted pleadings.

to them.  (3) The pier constitutes a single unit of property.
(4) The purposes of the legislation are a public use, and the
utilization of the pier constitutes a use and occupation for
public purposes.  (5) The assessors are without legal au-
thority to assess a real estate tax upon certain buildings
alone and are without legal authority to assess the land
upon which these buildings rest.

The provisions of G. L. (Ter. Ed.) c. 59, § 3A, as appear-
ing in St. 1951, c. 667, § 1, are: "Real estate owned by or
held in trust for the benefit of the commonwealth or a city
or town, if used or occupied for other than public purposes,
shall be taxed to the lessee or lessees thereof, or their assigns,
or to the occupant or person in possession thereof, in the
same manner and to the same extent as if the said lessee
or lessees or their assigns or the occupant or person in pos-
session were the owners thereof in fee, free of any trust.
This section shall apply to real estate . . . held by the
commonwealth or any city or town in trust for public chari-
table purposes, whether or not the same is subject to a
duly recorded lease which provides that the lessee shall
assume or pay all taxes assessed thereon.  Payment of the
aforesaid taxes shall not be enforced by any lien upon or
sale of the said real estate but in the case of any leasehold
subject to taxation as aforesaid the interest of the lessee
or lessees or their assigns therein may be sold by the col-
lector of taxes of the city or town in which the real estate
is situated for the non-payment of the tax assessed as
aforesaid in the manner provided by law for the sale of
real estate for non-payment of local taxes.  Said collectors
shall have for the collection of taxes assessed under this
section all other remedies provided by chapter sixty for the
collection of taxes by collectors of cities and towns."

Apart from the manner of the assessments as applying to
structures only and not to land, and apart from the failure
to assess other occupants of the pier, we observe no sound
reason why real estate taxes may not be levied against the
plaintiffs under § 3A.  The land is owned by the Common-
wealth.  The portions of the pier occupied by the buildings

erected by the plaintiffs are used for other than public purposes. The plaintiffs, and not the pier association, are the occupants or persons in possession of those portions.

All counsel are in agreement that the pier association is not taxable. As a charitable corporation, its personal property and real estate occupied by it for the purposes of its incorporation are exempt. G. L. (Ter. Ed.) c. 59, § 5, Third. Its leasehold is personal property. *Martin* v. *Tobin,* 123 Mass. 85, 88.

We cannot accept the argument that under § 3A the character of the use must be determined by the activities of the holder of the principal lease. This section allows taxation to the assigns of the lease or the occupants or persons in possession of real estate which is "used or occupied for other than public purposes." The provision for sale by a tax collector "of any leasehold subject to taxation as aforesaid" would not apply to a lease to the pier association, which, as we have seen, no one contends is taxable.

We are not impressed with the argument that the pier is one unit of real property for the purpose of taxation. We perceive no pertinency to the suggestion that the pier association is "the only one in possession of the Commonwealth's entire estate." Not only does this not appear to be a correct statement of fact, but it seems to us that the effect of § 3A is that the several occupants of the pier are subject to a real estate tax on the portions that they respectively occupy. In our opinion, G. L. (Ter. Ed.) c. 59, § 79, has no application. The purpose of that section is stated in *McNeil* v. *O'Brien,* 204 Mass. 594, 598. Cases where there have been assessments upon less than all of a parcel of real estate which was partially exempt are *Cambridge* v. *County Commissioners of Middlesex,* 114 Mass. 337, and *Wheaton College* v. *Norton,* 232 Mass. 141.

For the reasons outlined, we think that the judge's rulings numbered 2 and 3, and the last part of ruling numbered 5 to the effect that the assessors were without legal authority to assess upon the land, were erroneous. We are, however, of opinion that the first part of his ruling numbered 5 was

correct and that the assessors could not tax a building apart from the land it occupied. See G. L. (Ter. Ed.) c. 59, § 3. This conclusion seems the necessary result of many of our cases. *McGee* v. *Salem,* 149 Mass. 238, 241. *Phinney* v. *Foster,* 189 Mass. 182, 187. *Massachusetts General Hospital* v. *Belmont,* 238 Mass. 396, 403. *Newton Building Co.* v. *Commissioner of Corporations & Taxation,* 285 Mass. 471, 473–474. *Crocker-McElwain Co.* v. *Assessors of Holyoke,* 296 Mass. 338, 344–345. *Franklin* v. *Metcalfe,* 307 Mass. 386, 389.

The plaintiffs further contend that the assessment of only two out of a much larger number of occupants of portions of the pier is arbitrary, unjust, and discriminatory. On the facts before us, this contention seems justified. There appears to have been both a violation of Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth, because the taxes were not "proportional and reasonable," and an infringement of the Fourteenth Amendment to the Constitution of the United States, because there has been a denial of "the equal protection of the laws." *Opinion of the Justices,* 332 Mass. 769, 778–780. See *Opinion of the Justices,* 324 Mass. 724, 727–729.

We express no opinion as to whether the tanks are taxable as real estate. Should such a question hereafter be presented, we would expect the record to contain facts to assist us in our decision. See *Chelsea* v. *Richard T. Green Co.* 319 Mass. 162.

We do not regard the prayer in the pier association's answer as alleging a present controversy after our conclusion that the taxes assessed for 1952, 1953, and 1954 are void. It is not our duty at this time to express an opinion upon the question whether the plaintiffs, if liable for real estate taxes assessed in a later year, in any circumstances would have a right of reimbursement from the pier association.

The final decree is reversed, and instead a new final decree is to be entered declaring that (1) the assessors have authority to assess as real estate the pier and such of its structures as are part of the real estate to the occupants or persons in

possession of the several portions thereof; (2) the Gloucester Community Pier Association, Inc., is not so subject to assessment; and (3) the taxes for the years 1952, 1953, and 1954 actually assessed against the plaintiffs are illegal and void.

*So ordered.*