THE ATLANTIC REFINING COMPANY *vs.* COMMONWEALTH (and two companion cases between the same parties).

Suffolk.    February 2, 1959. — April 8, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Landlord and Tenant*, Taxation.    *Taxation*, Real estate tax: public property used for nonpublic purpose, leased property.

Upon a lease of land by the Commonwealth providing that the rent in part should be certain percentages of the gross receipts of the lessee from restaurant service, the sale of certain merchandise, and services rendered, "exclusive of . . . taxes," and that the lessee should pay taxes levied on "personal property" owned by the lessee on the leased premises, the Commonwealth was required under G. L. c. 59, § 15, to reimburse the lessee for real estate taxes assessed to the lessee under § 3A, as appearing in St. 1951, c. 667, § 1, upon the leased premises including buildings and improvements placed thereon by the lessee, title to which under the lease vested in the Commonwealth.

THREE PETITIONS filed in the Superior Court on April 17, 1958.

The cases were reported by *Noonan, J.*

· *Walter Powers*, (*Walter White* with him,) for the petitioner.

*Edward F. Mahony*, Special Assistant Attorney General, for the Commonwealth.

RONAN, J.    These are three petitions brought against the Commonwealth to recover the amounts paid as real estate

taxes assessed to the petitioner upon various parcels of land leased to it by the Commonwealth and located in different cities and towns, the parcels having been acquired by the Commonwealth in the construction of certain limited access highways and being desirable sites from which to cater to automobile travellers seeking gasoline, oil, minor automobile repair service, touring information, food and toilet facilities.

The lessee has complied with all the provisions of its leases. It has, in accordance therewith, constructed buildings and put improvements on the land. Under the provisions of the leases, title to such buildings and improvements vested in the Commonwealth upon completion thereof.[1]

In the Superior Court the judge made no decision on the demurrers filed by the Commonwealth, but at the request of the parties, who agreed that the petitions contained all the material facts, reported the cases upon the stipulation that the petitions were to be dismissed if the demurrers were sustained; otherwise, judgments were to be entered for the petitioner.

The leases from the Commonwealth fixed the rentals in a form of which the following may be used as an illustration:

"(a) 2.01 cents for each gallon of gasoline sold, based on the total gallonage of gasoline delivered to each station.

"(b) 8.0 cents for each gallon of motor oil sold, based on the total gallonage of oil dispensed at each station.

"(c) Three per cent (3%) of the gross receipts from restaurant service hereinafter defined, exclusive of present or future taxes.

"(d) Ten per cent (10%) of the gross receipts from the sale of all other merchandise sold and services rendered at each station, exclusive of present or future taxes."

The only other mention of taxes appearing in the leases is a provision that the lessee "shall . . . promptly pay all taxes levied on any or all personal property owned by the contractor [the lessee] on said premises." This quoted

---

[1] It appeared that the taxes assessed to the petitioner were "on the several parcels of land and on the several buildings and land improvements in the same manner and to the same extent as if the petitioner were the owner thereof in fee." — REPORTER.

reference, and the references contained in (c) and (d) above, limited the taxes payable by the lessee to the taxes levied upon those subjects specifically mentioned. *Boston Molasses Co.* v. *Commonwealth*, 193 Mass. 387, 391.

The cases are fully covered by the principle of *Gloucester Ice & Cold Storage Co.* v. *Assessors of Gloucester*, 337 Mass. 23, affirmed today in *Gloucester Community Pier Assn. Inc.* v. *Dehydrating Process Co. of Gloucester, Inc.*, *post*, 14.

The demurrer to each petition is overruled. In accordance with the stipulation, judgment is to be entered on each petition for the amount of the taxes paid, with interest and costs.

*So ordered.*