GLOUCESTER COMMUNITY PIER ASSOCIATION, INC. *vs.*
DEHYDRATING PROCESS CO. OF GLOUCESTER, INC.,
& another.

Essex.    February 3, 1959. — April 8, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Landlord and Tenant*, Taxation.    *Taxation*, Real estate tax: public property used for nonpublic purpose, Gloucester fish pier, leased property, assessment. *Gloucester*.

Where the Commonwealth leased the State Fish Pier in Gloucester to a charitable corporation by a lease providing that the Commonwealth should become the owner of buildings erected on the pier, and the lessee subleased a vacant portion of the pier by a sublease not containing any provision respecting payment of taxes, the lessee was required under G. L. c. 59, § 15, to reimburse the sublessee for the whole amount of a real estate tax assessed by the city of Gloucester to the sublessee under § 3A, as appearing in St. 1951, c. 667, § 1, upon the subleased land and buildings erected by the sublessee thereon, and not merely for the portion of the tax attributable to the land alone.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on July 29, 1958.

The suit was reserved and reported by *Counihan, J.,* without decision.

*Melvin I. Bernstein,* (*Carlton W. Wonson* with him,) for the plaintiff.

*C. Richard Clark,* for Gloucester By-Products, Inc.

*Harry Bergson, Jr.,* for Dehydrating Process Co. of Gloucester, Inc.

RONAN, J.  This is a bill in equity brought by the plaintiff, a charitable corporation organized under G. L. c. 180, the lessee from the Commonwealth of a fish pier in Gloucester, against two sublessees of the plaintiff of portions of the pier which were vacant land when leased to the defendants and on which they subsequently erected buildings, to determine the right of the defendants to withhold from rentals, or to recover in an action against the plaintiff, the amounts paid by them to the city of Gloucester for the annual taxes assessed upon the real estate including the buildings.  The plaintiff now contends that they cannot withhold amounts in excess of the taxes levied upon the land alone.  Each defendant contends that it may withhold from its rent payable to the plaintiff the total amount of the taxes upon the land and buildings which it has paid; and, in addition, may recover in an action the amount by which the taxes exceed the rent or the amount withheld by it from rent on account of taxes. The case was reported without decision.

It was decided in *Dehydrating Process Co. of Gloucester, Inc.* v. *Gloucester,* 334 Mass. 287, that the assessors were authorized to assess as real estate the pier and such structures as were a part of the real estate to the occupants or to persons in possession under their leases, and that the association, that is, the plaintiff in the instant case, was not subject to the assessment, but that the taxes assessed to occupants for certain years were void, as they were not proportional and reasonable as required by the Constitution of this Commonwealth and would deny equal protection of the laws in violation of the Constitution of the United States, because they were assessed upon only two of a much larger number of occupants of the pier property.

In a second case, *Gloucester Ice & Cold Storage Co.* v. *Assessors of Gloucester,* 337 Mass. 23, we held, in a decision

largely influenced by *Boston Molasses Co.* v. *Commonwealth*, 193 Mass. 387, that where the lease is silent as to who should ultimately bear the burden of the taxes, the issue is ruled by G. L. c. 59, § 15, rather than by G. L. c. 59, § 3A, and that it was the obligation of the lessor to pay the taxes. Section 15 reads, "If a tenant paying rent for real estate is taxed therefor, he may retain out of his rent the taxes paid by him, or may recover the same in an action against his landlord, unless there is a different agreement between them." The obvious intention of the statute is to provide cumulative, not alternate, remedies. See *Gaynor's Case*, 217 Mass. 86, 89; *Central Trust Co.* v. *Howard*, 275 Mass. 153, 158; *Crystal Concrete Corp.* v. *Braintree*, 309 Mass. 463, 469. In the present case, where the taxes exceed the annual rental, each sublessee may withhold the whole of its rent and in addition may recover the amount by which the taxes paid by it exceed the rent (or the amount deducted from the rent on account of taxes so paid).

The plaintiff points out that the subleases were upon vacant land and that, as the Commonwealth under the terms of the lease became the owner of any buildings added thereto, the plaintiff should only be liable for any tax on the land separate from the tax on the additions thereto assessed as a part of the real estate. The short answer to this contention is that a parcel of land and the buildings thereon comprise a single taxable unit. The assessors could not tax a building apart from the land. *McGee* v. *Salem*, 149 Mass. 238. *Hamilton Mfg. Co.* v. *Lowell*, 185 Mass. 114. *Franklin* v. *Metcalfe*, 307 Mass. 386. *Boston* v. *Quincy Mkt. Cold Storage & Warehouse Co.* 312 Mass. 638. There was no agreement between the sublessor and the sublessees that each should pay a part of the tax, cf. *Phinney* v. *Foster*, 189 Mass. 182, which would take the case out of the sweep of *Gloucester Ice & Cold Storage Co.* v. *Assessors of Gloucester*, 337 Mass. 23.

A final decree is to be entered that each sublessee has the right to withhold such payments of rent as will reimburse it for its payment of the taxes, and, if the taxes paid are not

thus wholly reimbursed, to recover the amount by which the taxes so paid exceed the sums deducted from the rent on account of taxes.

*So ordered.*