BOARD OF ASSESSORS OF NEWTON *vs.* PICKWICK LTD., INC. (and a companion case[1]).

Suffolk.    December 9, 1966. — January 20, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Taxation,* Real estate tax: exemption, Massachusetts Bay Transportation Authority, public property used for nonpublic purpose, leased property. *Massachusetts Bay Transportation Authority.   Landlord and Tenant,* Taxation.   *Constitutional Law,* Taxation.

The exemption from taxation of property of the Massachusetts Bay Transportation Authority under St. 1949, c. 572, § 6, extends to real estate of the Authority occupied and used by a lessee solely in the conduct of a private business for profit.   [625]

G. L. c. 59, § 3A, is inapplicable to real estate of the Massachusetts Bay Transportation Authority expressly exempted from taxation by statute. [625–626]

The exemption from taxation of property of the Massachusetts Bay Transportation Authority under St. 1949, c. 572, § 6, extending to real estate of the Authority occupied and used by a lessee solely in the conduct of

---

[1] Board of Assessors of Newton *vs.* Massachusetts Bay Transportation Authority.

a private business for profit, does not violate the provision of Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution requiring that taxes be "proportional and reasonable."   [626]

APPEALS from decisions by the Appellate Tax Board.

*Matt B. Jones,* City Solicitor, *Douglas Danner, Donald A. Macksey & Peter Hiam,* for the Board of Assessors of Newton, submitted a brief.

*John J. Coffey* (*John E. Lamere* with him) for the Massachusetts Bay Transportation Authority.

REARDON, J.   These appeals are brought by the board of assessors of the city of Newton (assessors) under G. L. c. 58A, § 13, from decisions of the Appellate Tax Board (board) upon petitions filed by Pickwick Ltd., Inc. (lessee) and the Massachusetts Bay Transportation Authority[2] (authority) granting abatement of taxes on real property located in the city of Newton assessed to the petitioners.   The petitioners claim that they are exempt from taxation upon property of the authority because the original act of the Metropolitan Transit Authority, St. 1947, c. 544, § 14, as amended by St. 1949, c. 572, § 6, expressly exempts all the property of the authority.   The board made findings of fact and report, and filed an opinion pursuant to Rule 32 of the board.

The parties agreed to the following statement of facts. On January 1, 1962, and on January 1, 1963, the authority was owner in fee and the lessee was tenant under a written lease of premises at 70 Union Street in Newton, sometimes known as the Newton Centre Station.   During 1962 and 1963 the property was occupied and used by the lessee "exclusively and entirely as a retail store selling clothing and other allied goods and for no other purpose."   The assessors assessed a tax on the property to the lessee for 1962 and to the authority for 1963.   Each filed a petition under formal procedure with the board following the refusal of the assessors to abate the taxes for 1962 and 1963 on the respective applications of the lessee and the authority.

---

[2] The authority became the successor to the Metropolitan Transit Authority by virtue of St. 1964, c. 563, and was substituted for the Metropolitan Transit Authority at the hearing of the cases before the board.

Both petitions were consolidated for hearing before the board.[3]

In addition to the statement of agreed facts, the board found as a fact that the authority "sometime prior to 1962 acquired all of the property of the Highland Branch Railroad and extended its rapid transit system over the railroad lines formerly belonging to Highland, a section of which runs through . . . Newton." Included in the acquisition was the railroad station. The board further found as a fact "that the subject property is held by the Authority for a public purpose, and is used by a private business . . . in a way that does not serve the public purpose."

1. The question presented by these appeals is whether the authority or its lessee is exempt from taxation upon property owned by the authority not directly employed in providing public transportation but used by a lessee as a retail store selling clothes and other related goods.

At the outset it should be noted that an exemption from taxation is a matter of legislative grace and may be recognized only when the taxpayer shows that he comes within either the express words or the necessary implication of some statute conferring this privilege upon him. *Animal Rescue League of Boston* v. *Assessors of Bourne,* 310 Mass. 330, 332. *Boston Chamber of Commerce* v. *Assessors of Boston,* 315 Mass. 712, 716. *Sylvester* v. *Assessors of Braintree,* 344 Mass. 263, 264–265. The authority bases its claim that the assessors acted improperly in assessing the subject property under the provisions of § 14 of St. 1947, c. 544, as amended by St. 1949, c. 572, § 6, which provides: "The authority and all its real and personal property shall be exempt from taxation and from betterments and special assessments; and the authority shall not be required to pay any tax, excise or assessment to or for the commonwealth or any of its political subdivisions." The assessors argue,

---

[3] A third proceeding, Metropolitan Transit Authority *vs.* Board of Assessors of the City of Newton, Appellate Tax Board Docket No. 41471, involving similar claimed exemptions, was consolidated with the other petitions for hearing before the board, and by agreement of the parties our decision herein will control that proceeding.

to the contrary, that § 14, by its terms, is directed toward the tax liability of the authority and cannot be construed so as to apply to anyone other than the authority.

The original § 14 as contained in St. 1947, c. 544, provided that all real estate of the authority not employed in providing public transportation should be subject to taxation by the city or town in which it is located "in the same manner and to the same extent as if privately owned." The amendment of this section to its present form by St. 1949, c. 572, § 6, extended the authority's tax exemption to encompass all the authority's real and personal property whether or not used in the transit system. The 1949 amendment of § 14 was one of a number of steps taken by the Legislature to alleviate the financial burden on the authority. Its purpose was to avoid an increase in the fare structure and to do away with the necessity of a levy on the cities and towns serviced by the authority to meet annually recurring deficits.[4]

In taking these steps, the Legislature must have intended that lessees of the authority, by necessary implication, were to enjoy the same exemption enjoyed by the authority. If the exemption did not include lessees of the authority, the lessee, by availing itself of G. L. c. 59, § 15,[5] could reduce its rental payments to the authority by the amount of the tax. *Gloucester Ice & Cold Storage Co.* v. *Assessors of Gloucester*, 337 Mass. 23. *Atlantic Ref. Co.* v. *Common-*

---

[4] See 1949 Senate Doc. No. 581, containing Governor Dever's message which led to the enactment of St. 1949, c. 572. The Governor, in reviewing the financial and other difficulties and deficiencies of the authority, as created by St. 1947, c. 544, stated at page 4: "I herewith propose, for your adoption, legislative measures which will obviate the necessity for an increase in fare and dispense with the need of levying on the real estate taxpayers of fourteen cities and towns [serviced by the authority], an assessment to meet annually recurring deficits." To accomplish these and other purposes, and to reduce the cost of transportation service, he made various specific recommendations, including the following (at page 10): "Seventh. The Metropolitan Transit Authority should be exempted from all taxes, excises and license fees. This will save $1,575,000 on the basis of the 1948 figures." Section 6 was thereafter enacted by the Legislature without material change.

[5] "If a tenant paying rent for real estate is taxed therefor, he may retain out of his rent the taxes paid by him, or may recover the same in an action against his landlord, unless there is a different agreement between them."

*wealth,* 339 Mass. 12. *Gloucester Community Pier Assn. Inc.* v. *Dehydrating Process Co. of Gloucester, Inc.* 339 Mass. 14. This is not necessary in the instant cases as the authority has alleged that the terms of the lease require that it bear any taxes assessed on the property. The authority, by indemnifying the leaseholder by statutory fiat or by the terms of a lease, would, in effect, be paying taxes on its property. Such a construction would completely negate the legislative intent to exempt all of the authority's property from taxation in the 1949 amendment of § 14 and is to be avoided. *Opinion of the Justices,* 275 Mass. 575, 578. *Commissioner of Corps. & Taxn.* v. *Chilton Club,* 318 Mass. 285, 288.

This compels us to conclude that § 14, as amended, allows a lessee of the authority a tax exemption similar to that enjoyed by the authority. That the Legislature has chosen on other occasions[6] expressly to exempt leaseholders from taxation does not necessarily preclude a similar intent in the present circumstances.

2. Nor do the terms of G. L. c. 59, § 3A, as appearing in St. 1951, c. 667, § 1,[7] on the authority of which the taxes here disputed were assessed, alter this conclusion. "It is for the Legislature to decide to what extent it will assist the execution of a public purpose." *Gloucester Ice & Cold Storage Co.* v. *Assessors of Gloucester,* 337 Mass. 23, 27. Here the Legislature, in furtherance of its intent to relieve the financial difficulties facing the authority, by virtue of St. 1949, c. 572, § 6, expressly exempted all real property of the authority, which exemption by necessary implication included lessees of the authority pursuing private purposes. This specific exemption of the site from taxation renders

---

[6] See, e.g., St. 1946, c. 294, § 2, as amended by St. 1948, c. 654, § 1 (Boston Common garage); St. 1956, c. 465, § 17 (Massachusetts Port Authority); St. 1958, c. 606, § 16 (Massachusetts Parking Authority).

[7] "Real estate owned by or held in trust for the benefit of the commonwealth or a city or town, if used or occupied for other than public purposes, shall be taxed to the lessee or lessees thereof, or their assigns, or to the occupant or person in possession thereof, in the same manner and to the same extent as if the said lessee or lessees or their assigns or the occupant or person in possession were the owners thereof in fee, free of any trust."

G. L. c. 59, § 3A, inapplicable, even if this section were other-wise applicable. *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 63–64. For the same reason, decisions subjecting to taxation lessees operating private businesses for profit on publicly owned property under G. L. c. 59, § 3A, on the ground that the Legislature made no express provision for tax exemption of private tenants, are distinguishable. *De-hydrating Process Co. of Gloucester, Inc.* v. *Gloucester,* 334 Mass. 287. *Atlantic Ref. Co.* v. *Assessors of Newton,* 342 Mass. 200.

3. The assessors contend that to construe St. 1949, c. 572, § 6, amending St. 1947, c. 544, § 14, as explicitly exempting both the authority and its lessee from taxation violates Part II, c. 1, § 1, art. 4, of the Constitution of the Common-wealth requiring that taxes on property be "proportional and reasonable." The public purpose is of controlling sig-nificance in construing an express exemption from taxation. *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 64–65. See *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492, 497–498; *Allydonn Realty Corp.* v. *Holyoke Housing Authy.* 304 Mass. 288, 297.

We cannot say that the exemption provided by St. 1949, c. 572, § 6, does not primarily benefit the public by allevi-ating some of the authority's financial burdens even though the property was operated by a lessee in the pursuit of its own ends. The exemption was reasonably incident to the plan adopted by the Legislature designed to remove the crushing financial burden which had fallen upon the author-ity. *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 64–65, and cases cited. That such an exemption would place one busi-ness in a favored position is not determinative of the issue of constitutionality. *Boston Fish Mkt. Corp.* v. *Boston,* 224 Mass. 31, 34–35.

*Decisions affirmed.*