OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Taxation,* Real estate tax: exemption; Personal property tax: exemp-
tion; Fraternal order. *Constitutional Law,* Taxation, Equal protec-
tion of laws.

Legislation granting to the lodges of two fraternal orders exemptions from
taxation differing in manner and extent from exemptions granted "to
other fraternal, charitable and educational organizations having similar
functions and purposes" would be in violation of the requirement
of Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution that
taxes be "proportional and reasonable," of the provision of art. 10
of the Declaration of Rights of the Massachusetts Constitution stating
one's right to be protected "in the enjoyment of his . . . property,
according to standing laws," and of the equal protection clause of the
Fourteenth Amendment of the Federal Constitution.

On April 15, 1968, the Justices submitted the following
answer to a question propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit this answer to the question in an order adopted by
the House on April 8, 1968, and transmitted to us on April 11.
The order recites the pendency before the House of a bill,
House No. 3465, a copy of which was transmitted with the
order. The bill is entitled, "An Act exempting from tax-
ation certain real and personal property of the lodges of the
Loyal Order of Moose, and the Fraternal Order of Eagles."

The bill provides that the property of the lodges of the
two Orders "shall be exempt from taxation under the pro-
visions of chapter fifty-nine of the General Laws, so long as
such property is principally and usually devoted to educa-

tional or charitable purposes of said lodges." It is recited that grave doubt exists as to the constitutionality of the bill if enacted into law.

The question is:

"1. Since the Constitution of the Commonwealth of Massachusetts, in Article IV of Section 1 of Chapter 1 of Part the Second, grants authority to the General Court 'to impose and levy proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said commonwealth', is it competent for the General Court to grant exemptions from taxation on the real and personal property of the lodges of the Loyal Order of Moose and the Fraternal Order of Eagles to an extent and in a manner different from the extent and manner of granting exemptions to other fraternal, charitable and educational organizations having similar functions and purposes?"

The question expressly declares that the bill grants to the two Orders exemptions from taxation which differ in manner and extent from exemptions granted "to other fraternal, charitable and educational organizations having similar functions and purposes." No reason for the different treatment appears. As so described in the question, the bill is a violation of the Constitution of the Commonwealth; Part II, c. 1, § 1, art. 4, requiring that taxes be "proportional and reasonable." It also is an infringement of the Fourteenth Amendment to the Constitution of the United States as a denial of "the equal protection of the laws." *Dehydrating Process Co. of Gloucester, Inc.* v. *Gloucester*, 334 Mass. 287, 293. See *Opinion of the Justices*, 324 Mass. 724, 727, 729; *Opinion of the Justices*, 332 Mass. 769, 778–779; *Opinion of the Justices*, 344 Mass. 766. We cite but a few of the very many opinions which are to this effect and date back over years.

There is also a violation of art. 10 of the Declaration of Rights of our Constitution: "Each individual of the society has a right to be protected by it in the enjoyment of his life,

liberty and property, according to standing laws." *Paddock* v. *Brookline*, 347 Mass. 230, 234–237.

When the specific exemptions in G. L. c. 59 are examined, the unconstitutionally different treatment of the two Orders is clearly apparent.

At present G. L. c. 59, § 5, Seventh, grants an exemption to "Personal property of a fraternal society, order or association, operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and providing life, sick, accident or other benefits for the members of such society, order or association, or their dependents." The bill differs in that it embraces both real and personal property and omits reference to benefits to members.

Also at present, G. L. c. 59, § 5, Third, as amended through St. 1957, c. 500, § 1, exempts "Personal property of a charitable organization . . . ; and real estate owned by . . . a charitable organization and occupied by it or its officers for the purposes for which it is organized . . . ." The bill omits any requirement of occupancy.

If the two Orders which are the objects of the bill qualify within clause Third, the bill is unnecessary unless for providing unequal treatment. See, among numerous cases, *Newton Centre Woman's Club, Inc.* v. *Newton*, 258 Mass. 326, 329–331; *Assessors of Worcester* v. *Knights of Columbus Religious Educ. Charitable & Benevolent Assn. of Worcester*, 329 Mass. 532; *Assessors of Boston* v. *Vincent Club*, 351 Mass. 10.

We answer the question, "No."

RAYMOND S. WILKINS.
JOHN V. SPALDING.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.