*Southern Division*

No. 5952

## T. A. BOLDUC

v.

## HARBOR DEVELOPMENT COMMISSION

and

## CITY OF NEW BEDFORD

Argued: Sept. 18, 1968    Decided: Apr. 12, 1969

*Present:*    Nash, C.J., Cox, Lee, J.J.

Case tried to *Horrocks*, J., in the Third District Court of Bristol    No. 5952.

*Lee, J.* This is an action of contract to recover monies that the plaintiff was required to

pay for taxes in the amount of $1,412.04 to the City of New Bedford. The defendants, Harbor Development Commission and City of New Bedford, denied each and every allegation and filed demurrers that were denied and also set up in their answer that under Massachusetts G.L.c. 59, § 3a as amended and extended, taxes would have to be paid by the plaintiff as tenant of the property on which the taxes were imposed and also that the defendant, Harbor Development Commission, was not a legal person.

*At the trial, it was agreed that* the plaintiff had paid taxes which amounted to $1,412.04 to the City of New Bedford under protest. This occurred during the period of time that he was occupying the premises located at 212 North Water Street, New Bedford, under agreement with the Harbor Development Commission. The plaintiff was using the property for business purposes and had not agreed to pay any of the taxes at any time. There was evidence that the defendant, Harbor Development Commission, was created under the Acts of 1957, Chapter 762 and that said Commission made and received rents from other properties, that it hired employees, paid salaries and otherwise conducted its affairs under its control. The deeds and votes pertaining to the property were introduced into evidence and are made a part hereof and appended hereto and are recorded in the Bristol County Registry of Deeds (S.D.) in Book 1276, Pages 12 through 15 inclusive

and Book 1471, Pages 366 through 371 inclusive.

The plaintiff filed the following requests for rulings:

"1. The evidence warrants a finding for plaintiff.

2. The evidence warrants a finding that the Harbor Development Commission is an entity who can be sued and against whom recovery can be made in the case at bar.

3. Under the decided cases and that of *Gloucester Community Pier Association, Inc.* v. *Dehydrating Process Co. of Gloucester, Inc., and another,* 339 Mass. 14, the provisions of General Laws, Chapter 59, Section 3a have been decided not to be applicable in this type of action.

4. The evidence warrants a finding that the plaintiff is entitled to $1,412.00."

The court denied plaintiff's requests for rulings and entered judgment for the defendants.

The plaintiff claims to be aggrieved by the denial of these requests for rulings of law.

The trial justice made no special findings and we are compelled to look solely at his decisions on the plaintiff's requests for rulings of law in order to determine his reasoning.

There appears to be no controversy over the facts and the question before this Division is a legal one.

Did the Court commit prejudicial error in denying plaintiff's requests 1, 2, 3 and 4.

The evidence is clear that the plaintiff entered into an agreement with the Harbor Development Commission to occupy the premises for an agreed rental.

This type of situation is controlled strictly by statute. The rulings requested by the plaintiff should have been given. Their denial was prejudicial error.

The plaintiff Bolduc as tenant of New Bedford Harbor Development Commission was rightly taxed by the assessors in accordance with the provisions of G.L.c. 59, § 3A. However, there being no agreement between the Commission and Bolduc "as to who should ultimately bear the burden of the taxes, the issue is ruled by G.L.c. 59, § 15,* rather than G.L. C. 59, § 3A and . . . it was the obligation of the lessor (Commission) to pay the taxes." The plaintiff Bolduc could have deducted the taxes from the rent. But having paid the taxes Bolduc may recover them from the Commission for the period during which the Commission was his landlord, by virtue of G.L. C.59, § 15. *Gloucester Community Pier Association* v. *Dehydrating Process Co. of Gloucester, Inc.,* 339 Mass. 14. *The Atlantic Refining Co.* v. *Com-*

---

*"If a tenant paying rent for real estate is taxed therefor, he may retain out of his rent tht taxes paid by him, or he may recover the same in an action against his landlord unless there is a different agreement between them."

*monwealth,* 339 Mass. 12. See also *Assessors of Newton* v. *Pickwick Ltd., Inc.,* 351 Mass. 621.

The landlord in this case is New Bedford Harbor Development Commission which was established by authority of St. 1957, c. 762. Section 4 of this statute authorizes the commission to hold real estate and interests therein appropriate for its purposes. By § 5 it may enter into sale and purchase agreements and leases. By § 8 it is "deemed to be a public instrumentality" and may have a seal which it may alter at its pleasure. § 9 empowers the commission to apply for and receive federal and state grants and contributions of money, property and labor for its purposes. Notwithstanding it is authorized to petition the state department of public works in the name and on behalf of the City of New Bedford to undertake work beneficial to the port it is also authorized "to make contributions from its own funds" for such work. It is authorized "to do all acts and things necessary or convenient to carry out the powers expressly granted in this act." We treat the Commission as a separate municipal corporation, "a complete corporate entity in itself, distinct from the municipal corporation within whose territory it is set up, and exercising its powers in its own independent right." "It is an instrumentality of government, but it is also a corporation having the contracting powers of a corporation

and suable as such" as if a private corporation. *Johnson-Foster Co.* v. *D'Amore Construction Co.*, 314 Mass. 416, 419. *Aver* v. *Commissioner of Administration*, 340 Mass. 586, 592-594. *Mass. Turnpike Authority* v. *Commonwealth*, 347 Mass. 524, 527.

The finding for the defendant commission should be reversed. The plaintiff should have judgment against New Bedford Harbor Development Commission in the sum of $1,412.04 with interest from the date of the writ.

DESMARAIS & CAREY
  of New Bedford for the Plaintiff
CITY SOLICITOR
  of New Bedford for the Defendants