JOHN T. BERRIAULT & others *vs.* WAREHAM FIRE
DISTRICT & others.

Plymouth.　March 6, 1974. — April 9, 1974.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Statute,* Validating statute, Construction, Retroactive statute.　*Wareham Fire District.*

St. 1972, c. 515, unlike St. 1969, c. 407, is sufficiently precise and clear
retrospectively to validate illegal betterment assessments by the
Wareham Fire District. [96-99]

BILL IN EQUITY filed in the Superior Court on December
27, 1968.

Following the decision of this court on October 20, 1971
(360 Mass. 160), the suit was heard by *Ford,* J.

*Robert Clayton* (*Edward M. Kiernan* with him) for the
defendants.

*Edward G. Griffin* for the plaintiffs.

REARDON, J.　In this case, by our decision on October 20,
1971, 360 Mass. 160, we held that St. 1969, c. 407, did not
suffice to cure certain defects in procedures followed by the
defendants in levying betterment assessments incident to
supplying water to the area known as West Wareham. The
fact situation which confronted the court was thoroughly
recited in the 1971 case and need not be repeated here since
the question we decide concerns the adequacy of new
curative legislation, St. 1972, c. 515,[1] the provisions of
which are to be applied to the same facts. This new statute

---

[1] "An Act validating the action of the Wareham fire district in levying
betterment assessments for a water extension program in the West Wareham
section of the town of Wareham.

*"Be it enacted, etc., as follows*:

"SECTION 1.　Notwithstanding the failure of the Wareham fire district to
comply seasonably with the provisions of sections forty-two G to forty-two I of

is to be compared with St. 1969, c. 407, the subject of the earlier opinion.[2]

We refer first to the title of the statute which is broad in scope and, as argued by the defendants, gives evidence of clear legislative intent to validate betterment assessments notwithstanding that the Wareham fire district had previously failed to comply with §§ 42G-42I of c. 40, and §§ 1 and 2 of c. 80 of the General Laws in making those assessments. A comparison of titles of the two statutes indicates the greater breadth of St. 1972, c. 515. We have had occasion in the past to refer to the importance of titles as an aid to interpretation of legislative intent. *Commonwealth* v. *Jarrett*, 359 Mass. 491, 495 n.5 (1971). We

chapter forty and sections one and two of chapter eighty of the General Laws relating to the construction or extension of a water supply system in the part of the town of Wareham known as West Wareham, said Wareham fire district is hereby authorized and empowered to collect such betterment assessments as have already been levied arising from the construction of said water supply and distribution system, and all votes, orders and acts providing for the levy of the betterment assessments and providing for the method of such assessments are hereby validated, ratified, confirmed and cured effective beginning with the year nineteen hundred sixty-seven; provided, that nothing in this act shall be construed to impair or affect the rights of owners of such land as has been the subject of such betterment assessments, which ownership has been conveyed prior to the twenty-fifth day of July, nineteen hundred sixty-eight, the date of recording of the order of the water commissioners in the registry of deeds for Plymouth county levying the betterment assessments.

"SECTION 1A.  The recording by the Wareham fire district of the orders, plans, estimates and assessments required under the provisions of section forty-two I of chapter forty and sections one and two of chapter eighty of the General Laws is hereby validated and confirmed, notwithstanding the failure of said district to record the same within the time prescribed by said sections.

"SECTION 2.  This act shall take effect upon its passage."

[2] "An Act extending the time during which the Wareham fire district may levy assessments for the cost of certain betterments.

*"Be it enacted, etc., as follows*:

"SECTION 1.  Notwithstanding the failure of the Wareham fire district to comply with the provisions of sections one and two of chapter eighty and section forty-two I of chapter forty of the General Laws, said district may levy and collect assessments for betterments comprising water extension programs for the years nineteen hundred and sixty-seven and nineteen hundred and sixty-eight.

"SECTION 2.  The recording by the Wareham fire district of the orders, plans, estimates and assessments required under the provisions of sections one and two of chapter eighty and of section forty-two I of chapter forty of the General Laws is hereby validated and confirmed, notwithstanding the failure of said district to record the same within the time prescribed by said sections."

stated in *Canton* v. *Bruno,* 361 Mass. 598, 606-607 (1972),
that a "validating statute, by its very title, is one designed
to cure past errors, omissions, and neglects, and thus to
make valid that which before its enactment was invalid."
See *Cumberland Farms, Inc.* v. *Milk Control Commn.* 340
Mass. 672, 678 (1960). We noted in the previous *Berriault*
case that the 1969 statute did not "cure the defects in the
district's action under c. 40, §§ 42G and 42H," and we
further said that a "validating, curative statute, which
'may affect personal or property rights [here liability of
particular land to betterment assessments and liens] . . .
should be precise and clear.' " 360 Mass. at 165. The vice in
the 1969 statute has now been cured in § 1 of the 1972
statute in language which is precise and clear. We view
St. 1972, c. 515, thus as curative and also retrospective and
meeting the test of *Loriol* v. *Keene,* 343 Mass. 358, 362
(1961), which calls for precision and clarity in curative
statutes. See *Opinion of the Justices,* 360, Mass. 894, 898
(1971), and cases there cited. We view the legislation as a
confirmation and validation of the act of the Wareham fire
district originally void because of noncompliance with the
law, and as an act which the General Court could have
originally authorized. See *Donnelly* v. *Dover-Sherborn
Regional Sch. Dist.* 341 Mass. 497, 501 (1960); *Canton* v.
*Bruno,* 361 Mass. 598, 606-607 (1972).

In so concluding we note that the interpretation we give
the corrective statute is in harmony with the Constitution
of the Commonwealth and will effectuate the intent of the
Legislature. *Assessors of Newton* v. *Pickwick Ltd. Inc.* 351
Mass. 621 (1967). *First Natl. Bank v. Attorney Gen.* 362
Mass. 570, 579 (1972). *Board of Appeals of Hanover* v.
*Housing Appeals Comm. in the Dept. of Community
Affairs,* 363 Mass. 339, 354 (1973). It is further without
question that every presumption must be indulged "in
favor of the validity of a legislative enactment." *Marshal
House, Inc.* v. *Rent Control Bd. of Brookline,* 358 Mass.
686, 694 (1971). In short, it is our view that St. 1972, c. 515,
accomplishes the legislative purpose which led to its

enactment. We see no need to discuss other questions which have been raised by the parties.

It follows that the final decree is reversed, and the case is remanded to the Superior Court for an entry of a new final decree upholding the validity of St. 1972, c. 515, as a valid curative and retrospective act, and in other respects defining the rights of the parties conformably to this opinion.

*So ordered.*