COMMONWEALTH *vs.* ADRIAN YANCEY. No. 97-P-2241. April 22, 1999. *Bail. Practice, Criminal,* Sentence, Plea. .

After having been released on bail on cases lodged in Middlesex Superior Court and the Framingham and Roxbury District Courts, the defendant committed and was arrested on several drug offenses. Upon accepting his plea of guilty to one of the latter,[1] a Superior Court judge imposed a sentence for that crime which was to commence "from and after" the sentence previously imposed for one of the crimes for which he was on release.[2] The judge imposed the "from and after" sentence pursuant to G. L. c. 279, § 8B, as appearing in St. 1994, c. 68, § 8, which states: "If a defendant on release subject to the provisions of section fifty-eight of chapter two hundred and seventy-six, commits a crime, the sentence imposed for such a crime shall run consecutively to the earlier sentence for the crime for which he was on release." On appeal from the denial of his motion to withdraw his guilty plea,[3] the defendant contests the judge's determination that, in the circumstances, a consecutive sentence was mandated. We affirm.

The defendant argues that G. L. c. 276, § 58, encompasses only the release of persons on personal recognizance and does not contain provisions for release on bail. He maintains that G. L. c. 279, § 8B, therefore was inapplicable to him because he was on bail release when he committed the drug offense to which he pleaded guilty. He further argues that G. L. c. 276, § 57, and not § 58, authorizes release on bail; that G. L. c. 279, § 8B, makes no allusion to § 57; and that § 8B is limited (as its title indicates) to the "Commission of crime while released on personal recognizance."

The defendant's arguments fail on three grounds. (1) "The title to the statute now in question cannot limit its operation to a field more narrow or confined than that established by the statute itself." *Commonwealth* v. *Tilley,* 306 Mass. 412, 417 (1940). See *Bay Colony Mktg. Co.* v. *Fruit Salad, Inc.,* 41 Mass. App. Ct. 662, 666 n.5 (1996). (2) A plain reading of G. L. c. 276, § 58, as appearing in St. 1995, c. 39, § 13, leads to the conclusion that while it creates a preference favoring release on personal recognizance, *Commonwealth* v. *Dodge,* 428 Mass. 860, 865 (1999), it makes provision for the release of persons on cash surety bail if a determination is made that a release on personal recognizance "will not reasonably assure the appearance of the person before the court." Even if G. L. c. 276, § 57, is read as authorizing bail separately from § 58, the latter, being "the detailed general bail statute," *ibid.,* expressly incorporates § 57 in establishing conditions of release.

---

[1] The plea of guilty was entered on so much of an indictment as charged unlawful possession of cocaine with intent to distribute. The defendant was alleged to have committed this crime on May 7, 1996, and his guilty plea was accepted and he was sentenced on October 7, 1997. All the statutes interpreted in this decision were last amended before those dates.

[2] The sentence imposed was three years to three years and one day "from and after sentence serving and from and after sentence to be served but previously imposed." The parties have argued this case on the basis of the imposed sentence being consecutive to the sentence for a crime for which the defendant was on bail release at the time the drug offense was committed.

[3] The defendant's motion should perhaps be treated as a motion pursuant to Mass.R. Crim.P. 30(a), 378 Mass. 900 (1979). See *Stewart, petitioner,* 411 Mass. 566, 568 (1992). In view of our decision, nothing turns on this difference.

Therefore, even if we treat the defendant as having been released under § 57, he is still "subject to the provisions of § 58." G. L. c. 279, § 8B. (3) The interpretation espoused by the defendant would result in persons released on personal recognizance being subject to a mandatory consecutive sentence if they commit crimes while on release while persons on cash surety bail could be given a concurrent sentence under similar circumstances. Such an unreasonable and perhaps unconstitutional interpretation, of course, should be avoided. See *Berriault* v. *Wareham Fire Dist.*, 365 Mass. 96, 98 (1974); 2A Singer, Sutherland Statutory Construction § 45.11, at 48-49, & § 45.12, at 61 (5th ed. 1992). Accordingly, the order denying the defendant's motion to withdraw his guilty plea is affirmed.

*So ordered.*

*Jane E. Ross* for the defendant.

*Joseph M. Makalusky*, Assistant District Attorney, for the Commonwealth.